Statement of the Case.
MONROE, J.
The defendant O’Malley and another were convicted of libel and duly sentenced, and O’Malley, has appealed.
The first bill of exception shows that, the defendant having been indicted for libel, the case was allotted to section B of the criminal district court and given the number 34,074; that section B was then in regular vacation, with the presiding judge absent by leave of the Governor; thatthereafter the defendant was ordered by rule to show cause why the case should not be transferred to section A “for a speedy trial and in the interest of public justice,” and at the appointed time objected to the transfer on the grounds, in substance, that the case had been allotted to section B in conformity to law; that the purpose of the law is to secure an equal and indiscriminate distribution of the cases as between the two sections of the court, and the fact that one section may have taken a recess, as authorized by law, is an insufficient reason for transferring the cases al *562 lotted to it to the other section; that Act No. 117, p. 159, of 1890, establishes the conditions under which eases may be transferred from one section to another, and requires the consent of the accused thereto; that, unless a case be transferred by authority of said act, the judge to whom it has been originally allotted has exclusive control of it from its inception to its final determination; and that the allegations of the rule disclosed no sufficient reason for the proposed transfer.
Opinion.
We transcribe from the record, in part, the reasons assigned by our learned brother of the district court for overruling the objections thus made, to wit:
“While the question of the right to transfer depends entirely upon the meaning of article 139 of the Constitution of 1898, still, for the purpose of showing that it does authorize the transfer, both as to the state and the accused, it will be well to refer briefly to the provisions in regard to the same subject contained in the article 330 of the Constitution of 1879, and also to Act No. 117, p. 159, of 1890. The article of the Constitution of 1879 confined, absolutely, the transfer of criminal cases to two contingencies, one, in the case of recusation, the other, in the case of vacancy in office, and, so far as it has any bearing on the question now before the court, reads as follows: ‘All prosecutions instituted in said court shall be equally apportioned between said judges, by lot, each judge, or his successor, shall have exclusive control over every case falling to him, from its inception to its final determination in said court. In cases of vacancy or recusation, cases shall be reassigned under order of court.’ Act No. 117, p. 159, of 1890, makes it ‘the duty of the judge of one section of the criminal, district court for the parish of Orleans to try, with the consent of the accused, any cause allotted to the other section, in all cases of vacation of the other section or whenever the judge thereof may be sick, absent, or otherwise disabled from acting, or from any cause other than vacancy or recusation.’ It will be noticed that this act confines the right of transfer to the accused. Article 139 of the Constitution of 1898, upon the same subject, provides that the criminal district court shall have authority ‘to adopt rules, not in conflict with law, regulating the order of preference, and proceedings, in the trial of cases, and the methods of allotting or assigning such cases, and of reallotting and reassigning them, in eases of vacancy in the office, recusation, absence, or disability of any one or more of the judges, or, in case such action is deemed necessary for the proper administration of justice. All prosecutions instituted in, and all cases appealed to, said criminal district court shall be equally allotted or assigned, by classes, among the judges, and each judge, or his successor, shall have exclusive control over any case allotted or assigned to him, -from its inception to its final determination in said court, except as herein otherwise provided.’
_ “Pursuant to this provision of our Constitution, rule 13 of this court was framed. In addition to the causes for transfer (recusation and vacancy) authorized by the Constitution of 1879, the provision quoted above has added, ‘absence or disability of one or more of the judges, or, in case such action is deemed necessary for the proper administration of justice,’ and has provided, further, that the judge to whom the case is allotted shall have exclusive control of it from its inception to its final determination, ‘except as herein otherwise provided.’ It seems to me plain that the article of the Constitution means exactly; what it says —that, in the various contingencies mentioned, or whenever the court considers the character of the case such that the interests of justice require a speedy trial, it is its duty to order the transfer made.”
To these reasons we have only to add a suggestion calling more particular attention to the fact that the criminal district court does not assume to act under direct grant of authority from the Constitution, save that, as authorized by that instrument, it has “adopted rules * * * regulating * * * the methods of allotting, or assigning * * * cases and of reallotting or reassigning them, in cases of vacancy in the office, recusation, or absence or disability of any one or more of the judges, or, in case such action is deemed necessary,” etc., and it acts in conformity to the rules so adopted, one of which, incorporated in the bill which we are now considering, reads as follows, to wit:
For these reasons, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal is avoided, annulled, and reversed. It is now ordered, adjudged, and decreed that the judgment of the district court be, and it is hereby, reinstated and made the judgment of this court and of the district court, and the judgment of this court is now remanded to the district court to execute the judgment originally rendered *563 by the district court, which is reinstated as here decreed. And that the plaintiff in the district court, appellant in the Court of Appeal, pay costs of the three courts.
Rule 13, § 4; “In case of vacancy in the office, recusation, absence, or disability, from any cause, of either of the judges of this court to act in any case, or to preside at any trial, the judge, present, may act in behalf of the absent judge, and may order that any case allotted to the section presided over by the absent judge be reassigned to the section presided over by the judge present, upon motion of the district attorney, or of counsel for the defense, made in open court, setting forth, distinctly, the reason or reasons upon which such motion for reassignment is based. In all other cases, not covered by the provisions of the above paragraph, whenever, in the opinion of the judge presiding over one of the sections of this court, it is necessary for the proper administration of justice that a case allotted to his section should be reassigned to the other section, such judge may, with the consent of the judge presiding over such other section, order the reassignment of any case to such other section, upon motion of the district attorney or of counsel for the defense, made in open court, and distinctly setting forth the reason, or reasons, upon which such motion for reassignment is based.”
This rule is not in conflict, but is entirely reconcilable, with the act of 1890, and we are aware of no other statute upon the subject. It is therefore authorized by the Constitution. The judge present having, in this instance, ordered the transfer of a case from the section presided over by the absent judge, the motion of the district attorney, in setting forth the fact that the judge to whose section the case had been allotted was absent upon vacation, and that the case involved a charge of criminal libel against the mayor of the city of New Orleans and should be speedily tried, was, as we think, sufficiently explicit and disclosed a cause of action appealing to a judicial discretion over which this court would be slow to exercise control, and could find little reason for so doing, unless it were made to appear that the party complaining had not been fairly tried, an idea which is not here suggested.
The bill which we are now considering also shows that, after the transfer of the case, the district attorney moved, in section A, that he be permitted “to file, in lieu of the indictment in the case No. 34,074, an information, covering the identical charges and subject-matter,” and, the motion having been allowed, he filed the information under which the defendant was prosecuted, and which, without further allotment, was given the number 34,165 on the docket. The bill further shows that the defendant demurred to the information so filed as follows, to wit (in substance) : (1) That section A was without jurisdiction because the case had not been allotted; (2) that, when said information was filed, “there was then pending * * * an indictment against these defendants * * * which had not been determined, either by nolle prosequi or any other mode pointed out by law”; (3) that the motion to substitute the information for the indictment and the order allowing the same were made ex parte and constituted a proceeding unknown to, and unauthorized by, law; (4) that the order transferring the case from section B was unauthorized by law.
Incorporated in the bill, in connection with the matter in hand, we find the following:
“Which said plea and the matters as therein set forth and assigned were ordered filed by the court, and in support of said plea the following admissions, as they appear of record, * * * were made at the time, viz.: [Admission.] It is admitted that an indictment was presented by the grand jury on the 20th of June, 1905, against these defendants, charging them with libel; that that indictment bore the number 34,074 of the docket * ' * * ; that on the 11th of Jiily, 1905, a rule was taken by the district attorney to transfer said cause; * * * and that said rule was made absolute on the 17th day of July, 1905. It is also admitted that on this day the district attorney entered a nolle prosequi of said indictment bearing the number 34,074.”
We find also the following:
“That, while it is competent for the district attorney to file an information at any time, nevertheless, before either section of the criminal court can be vested with jurisdiction, the said information so filed shall be allotted, according to the constitutional provision.”
*564 We find, further, the following admission, made on the hearing of the motion for new trial and made part of the hill reserved to the denial of the same, to wit:
“It is admitted that the case No. 34,074 * * * was duly allotted to section B; * *. * that, on rule to show cause, and after proper argument, the said indictment was transferred to section A; that, subsequently, * * * in order to cure a defect in the indictment, an information was filed * * * in lieu thereof, covering the same charge of libel; and that, under section 5 of rule 13 of the rules adopted by the judges of the criminal district court, the said information followed the indictment and required no new allotment. It is admitted that the said information bears the number 34,165 of the docket, * * * and that the indictment, numbered 34,074 was nolle prosequied on the day of the trial of the information bearing the number 34,165.”
Under the article of the Constitution already quoted, the judges of the criminal district court are authorized, as we have seen, “to adopt rules, not in conflict with law, regulating the order of preference, and proceedings, in the trial of cases, and the method of allotting or assigning such eases, and of reallotting and reassigning them, in case of vacancy,” etc. It is therefore competent for them, there being no law to the contrary, to adopt a rule providing that an information, covering the same charge' as an indictment previously allotted, shall follow the indictment, and shall require no new allotment, and such a rule, it is admitted, was adopted. The fact that, in this instance, the information was given a number on the docket different from that borne by the indictment cannot be held to show that it charged a different offense, in view of the admission to the contrary and of the fact that both charge' the same offense, as appears upon the face of the instruments made part of the defendant’s bill. Nor, do we find that the defendant has any cause of complaint because the information was filed whilst the indictment was pending, or in lieu thereof, since, the offense charged not being capital, it was competent for the district attorney to proceed by information, or indictment, or both; but one conviction or acquittal being legally possible. State v. Stewart, 47 La. Ann. 410, 16 South. 945.
A bill was reserved to the overruling of an objection to the introduction in evidence of the newspaper (The City Item of June 16th) containing the libelous publication. The judge a quo, in signing the bilí, says:
“I have.no doubt of the admissibility of the evidence under the offer made by the state, and the identical paper was subsequently offered in evidence by the defense.”
It is evident, ■ since the defendant offered the paper in his own behalf, that he sustained no injury by its admission upon the offer of the state.
A bill was reserved to the overruling of an objection to the introduction in evidence of a copy of the City Item of June 21st;, the ground of objection being “that the accused had not been connected with the article in question.” The offer, in this instance, appears to have been made in connection with the cross-examinatiion of the defendant, who had taken the stand as a witness in his own behalf. Portions of an article in the paper of June 21st were read to him, and he was asked, “Do you know anything about that?” referring to this same libel charge, to which he replied, “No. Lots of things I know no more than you.” The judge a quo, in signing the bill, says: ■ .. -■ .
“The connection of the defendant, O’Malley, as part owner of the paper and as controlling the policy of the paper, had already been established.”
It appears therefore, that, in his (the judge’s) opinion, the defendant’s connection with the article in question had been sufficiently shown by testimony other than his own, and, as that testimony is not before this court, we are not in a position to say that the ruling complained of was erroneous. It may be observed that the bill fails to show that the judge was called on to rule upon any other objection than as hereinbefore stated, nor has it been otherwise asserted.
The learned counsel argues, however, that *565 the evidence should have been excluded because “the newspaper of the 21st of June, 1905, had no connection with, or relevancy to, the charge of libel set forth in the information.” This argument is inapplicable to the only objection that the judge a quo was called on to rule upon, and for this court, now, to sustain the counsel’s position would be for it to sustain an objection that was never made and which the trial judge had no opportunity either to sustain or to overrule.
A bill was reserved to the admission of certain testimony ' given by Martin Behrman, against whom ' the publication complained of was directed, as follows:
“Be it remembered * * * that Martin Behrman was placed on the stand as a witness in rebuttal, and, on the direct examination of the said witness by the district attorney, the following occurred, to wit: ‘Q. After you got this letter from Judge Lazarus to the grand jury, what did you do then? A. I went to the grand jury room. If you will allow me to explain, I will say that, how I happened to go to Judge Lazarus, the papers published this matter with big headlines: “Behrman, the Man That Promised to Give Schabel Stock.” I immediately went to Mr. Gurley, who was district attorney. Mr. Gurley told me: “Mr. Behrman, I am awfully sorry to see that you have been- — •” ’ Counsel for defendant objects to such statement, and which objection was sustained by the court.
“Be it remembered that the district attorney then propounded the following questions, together with their answers, as herein set forth, to wit: ‘By the District Attorney: Q. Now, after you left Judge Lazarus’ office, you went to see Mr. Gurley? A. No. I went to see Mr. Gurley before I saw Judge Lazarus. Q. Was it on account of anything that occurred between you and Mr. Gurley that you went to see Judge Lazarus? A. Yes, sir; he advised me. Q. Never mind. A. No, Well, after leaving Mr. Gurley’s office, on account of the conversation-I had with him, I went to see Judge Lazarus, and, in fact — -I don’t know how far I can go, judge. By the Court: Well, you can say anything that took place at Judge Lazarus’ office. By the Witness: Well, I will testify, and if I am not testifying right they will stop me. Mr. Gurley asked me if I had an attorney. By Mr. Henriques: That is objectionable. Anything that passed between Mr.' Gurley and the witness, we submit is not evidence. By the Court:, I am inclined to believe that, with the latitude that has been given in this case, and in ■ order to enable the court to determine whether the alleged libelous matter was true or not, the evidence had beter be admitted.’ Be it further remembered that, at this time, the court so ruled as aforesaid, counsel representing these defendants reserved a bill of exceptions, making the testimony of this witness also a part of this bill. Whereupon, the said witness, Martin Behx-man, continuing, said: ‘Mr. Gurley asked me if I had an attorney. I told him I had no occasion to use an attorney, but I had a good friend who was an attorney. He asked me who he was. I said, Judge Lazarus.. He said he’d be first rate; he’d do very well. He told me he had heard of the evidence, or words to that effect, and he was very sorx-y for me; that it was an outi’age. (To which statement of the witness, counsel representing the accused objected and excepted and reserved their bill of exceptions and made that part of the evidence herein set forth a pai*t of their bill.) * * * By the Court: Well, I think that, as the case is being tried by the judge, without a jury, the judge is supposed only to apply evidence that should be applied to the case, and, while the objection might prevail before a jury, I don’t think it ought to prevail before a judge, without a jury. (To which ruling of the court, counsel * * * reserved their bill.) * * * By the Court: In rebuttal of the truth of the libel in this case, any action of the mayor tending to show his good faith and honesty of purpose in connection with the Badger gas ordinance is admissible in evidence. Sis action in seeking advice from the district atorney for the purpose of explaining to the grand jury his entire connection with the transaction is equally admissible on his part. I think that, as the case was being tried by the judge, without a jury, the judge was only supposed to apply evidence that should be applied in the case, and, whatever luestion there might be as to the admissibility xf this evidence, before a jury, it could work no posible injury to the accused in this case. Nor did it have any effect upon the court in l'eaehing its conclusions.’ ”
We are unable to gather with any degree of certainty what bearing the testimony of the witness had upon the issues which were being tried. It would seem, from the language of the bill, that the defendant had endeavored to prove the truth of the alleged libel, and to justify its publication, and that the witness was testifying in rebuttal, but there is nothing which connects his testimony, save by an inference which leaves the mind in doubt, with the matter before the court. The witness speaks of certain publications “with big headlines — ‘B'ehrman, the Man,’ etc.”- — which appear to have been made some years ago, during the life of the late district attorney, Gurley, and it may reasonably be assumed that the testimony relates to inter *566 views with that officer concerning those publications, and that it was to them that the latter referred when he said “that it was an outrage,” which we take to be the particular language objected to. But, assuming all this to be so, the bill fails to connect the publications referred to by Mr. Gurley with that which is here charged as libelous. If we could assume that the different publications referred to the same matter, and the defendant, in endeavoring to prove the truth of that with which he is charged, and to justify its publication, had offered evidence tending tío show that the witness had acquiesced in the previous publications, the witness had the right to show that he had not so acquiesced, but had applied to the district attorney in order, through him, to invoke an investigation by the grand jury, and to give the result of his efforts, though it would be, perhaps, going too far to say that he could repeat what the district attorney said to him. We have no assurance, however, that such assumptions would concur with the facts. The testimony objected to may, for aught that appears in the bill, have been wholly irrelevant. Its application is left to conjecture. Under these circumstances, and in view of the fact that, where, as in this instance, a case is tried without a jury, the judge must necessarily have submitted to him, in order that he may rule on it, much evidence that is inadmissible, we feel safe in accepting the assurance of the judge a quo to the effect that the particular testimony in question had no effect upon his mind, and could therefore have worked no injury to the defendant.
The remaining bill was reserved to the overruling of a motion for new trial and presents nothing which has not been considered.
Finding no reversible error therein, the judgment appealed from is affirmed.