Grafton, }
April 6, 1909. }

## STATE *v.* MALTAIS.

One charged with the unlawful sale of liquor under section 15, chapter 112, Public Statutes, and amendments thereto, cannot be found guilty of a "subsequent offence," upon proof of his prior conviction of the unlawful sale of cider, under section 17 of the same chapter.

INFORMATION, charging that on May 1, 1908, at Lincoln in said county, the respondent "did then and there unlawfully keep for sale a large quantity of vinus, fermented, distilled, rectified spirits, spirituous, brewed, malt wines, and other beverages containing more than one per cent of alcohol at sixty degrees Fahrenheit, to wit, one gallon of spirituous or distilled liquors, wines, fermented, rectified spirits, spirituous, brewed, malt wines, and other beverages containing more than one per cent of alcohol at sixty degrees Fahrenheit"; and that the respondent had been convicted of a prior offence of unlawfully keeping for sale fermented liquor by the police court of Lincoln, on February 10, 1908. Trial by jury

and verdict of guilty. Transferred from the May term, 1908, of the superior court by *Stone*, J.

There was evidence of sales of beverages composed mostly of some kind of wine and of whiskey or alcohol. The record of the police court of Lincoln showed that on February 10, 1908, the respondent was arraigned on a complaint and warrant charging the sale of cider, and was fined upon his plea of guilty. The respondent requested the court to charge that, the first conviction being for the sale of cider and the evidence in this case being that spirituous liquor was sold, no conviction could be had for a greater offence than keeping spirituous liquor for sale on a first offence. The request was denied, subject to exception.

*Marshall D. Cobleigh*, solicitor, for the state.

*Edwin H. Shannon*, for the defendant.

PARSONS, C. J. " If any person . . . shall sell or keep for sale in any quantity any spirituous or distilled liquors, vinus, rectified spirits, fermented, brewed, or malt liquors, wines or any beverage, by whatever name called, containing more than one per cent of alcohol by volume at sixty degrees Fahrenheit, he shall be fined not less than $25 or more than $100, and also shall be imprisoned not less than thirty days or more than sixty days. And for any subsequent offence he shall be fined not less than $100 or more than $200, and imprisoned not less than two months or more than twelve months." P. S., *c.* 112, *s.* 15 ; Laws 1903, *c.* 122, *s.* 1 ; Laws 1905, *c.* 46, *s.* 1 ; *Ib., c.* 116, *s.* 1. The information, to which no objection is made, appears to have been intended to charge a " subsequent offence " under this section. The increased penalties are not limited to cases where there has been a previous conviction of the identical offence—a violation of the particular provisions now charged, *i. e.*, an offence proved by precisely similar evidence. *State* v. *Sawyer*, 67 Vt. 239 ; *State* v. *Haynes*, 36 Vt. 667. But a respondent is not made liable to them because of a prior conviction of any criminal offence, or of any of the various offences created by the liquor law. The increased penalties are imposed for a subsequent violation of the prohibitions of the section. Hence it is necessary that the prior conviction must be founded upon a charge of such violation. Proof that the respondent had been convicted of a violation of the section, as, for example, of a sale or keeping for sale of " fermented liquor," as charged in the information, might have been sufficient to sustain the verdict. But proof of a conviction upon a charge of the unlawful sale of cider did not sustain the informa-

tion. The sale of fermented cider in less quantities than one barrel is prohibited by section 17, chapter 112, Public Statutes, as amended by section 2, chapter 122, Laws 1903. *State* v. *Kidder*, 74 N. H. 302. In this section penalties both for a first and a subsequent offence are provided differing from those in the section the respondent is now accused of violating.

The substance of the rule asked for by the respondent was that he could not be convicted of a second violation of section 15, as amended, in the absence of evidence of a previous conviction thereunder. As there was no evidence of a previous charge against him of such violation, his conviction upon a plea of guilty to a charge of violating another statutory provision does not authorize the conclusion that he was convicted of a violation of the section under which he is now charged. In the entire absence of evidence tending to sustain the charge of " subsequent offence," the error involved in the failure to give the requested instruction is manifest.

The argument of the state appears to be that upon evidence sufficient to convict of a sale of cider a conviction of selling " fermented liquors " might have been had, upon the ground that cider is included within that term; and that chapter 116, Laws 1905, amending section 15, chapter 112, Public Statutes, repealed section 16 of the same chapter. But the guilt or innocence of a first offence is not involved; the only question is whether as an historical fact there has been a previous conviction. *State* v. *Adams*, 64 N. H. 440, 442; *People* v. *Raymond*, 96 N. Y. 38, 39. The suggestion of the repeal of section 16, chapter 112, Public Statutes, as amended by section 2, chapter 122, Laws 1903, need not be examined. If sound, it would only establish that the respondent ought to have been charged before the police court with violating section 15,—not that he was so charged.

Under the complaint of February 10, charging the unlawful sale of cider, whether the subject of sale was " fermented liquors " within the meaning of section 15, or was a " beverage . . . containing more than one per cent of alcohol," was not in issue. Proof of the sale of fermented cider in less quantity than one barrel made out the charge. *State* v. *Jenkins*, 64 N. H. 375. The charge of an offence in the language of the section was an allegation by the state that the section was in force. The claim of the state, May 1, that the statute was repealed, as a foundation for the contention that, February 10, the respondent was convicted of an offence with which he was not charged, is in conflict with fundamental principles of reason and justice as well as technical rules of law.

*Exception sustained.*

All concurred.