(72 South. 799)

No. 22090.

STATE v. KIERSON.

(Oct. 16, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬤⟹1211—PUNISHMENT—SUCCESSIVE OFFENSES.

Under section 974 of the Revised Statutes of 1870, the judge has no power to sentence the accused convicted of the fourth offense to the penitentiary in misdemeanor cases, and, in such cases, has no power to sentence the accused to perpetual imprisonment in jail, except in cases where double and triple penalties have been previously imposed on him, as provided in said section.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3302; Dec. Dig. ⬤⟹1211.]

2. CRIMINAL LAW ⬤⟹1090(1)—APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW.

The appellate court will consider errors patent on the face of the record, when they are suggested by counsel in brief or oral argument.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2803, 2805–2807, 3204; Dec. Dig. ⬤⟹1090(1).]

Appeal from Thirtieth Judicial District Court, Parish of Grant; Wilbur F. Blackman, Judge.

Willie Kierson was convicted of selling whisky without a license, and appeals. Reversed and remanded for sentence.

J. A. Williams and C. H. McCain, both of Colfax, for appellant. A. V. Coco, Atty. Gen., and John R. Hunter, Dist. Atty., of Alexandria (Vernon A. Coco, of Marksville, of counsel), for the State.

LAND, J. In this case the following proceedings appear on the minutes of the court a qua:

"The defendant present in open court, charged with selling whisky without license. Case taken up, tried, and the defendant found guilty as charged. After having been called to the bar of the court, and asked why the sentence of the law should not be pronounced against him, and having replied thereto, the court passed sentence in words and figures as follows: 'I now sentence you, Willie Kierson, to the state penitentiary at Baton Rouge, La., for the balance of your life. This having been the fifth conviction for said offense.'

"There being nothing more before the court, the same adjourned sine die."

On defendant's petition, in which he averred that said conviction and sentence was unjust to him "and unwarranted by law," he was granted an appeal to this court.

In their brief filed in this court, counsel for defendant assign, among other reasons for setting aside the sentence, that the court below was without authority to impose the punishment of imprisonment in the penitentiary for life.

[2] The state objects that no bills of exception were reserved to the ruling of the trial judge, and that therefore there is nothing before this court to review.

The error complained of by the defendant in his petition for appeal and in his brief filed in this court is disclosed on the face of the record, and "it is a settled doctrine that the court may take cognizance of matters of law so presented, without a bill of exceptions or formal assignment of errors." See State v. Hayes, 104 La. 461, 29 South. 22.

In State v. Griggsby, 117 La. 1046, 42 South. 497, it was held that an assignment of errors should be in writing; but, in case of error apparent on the face of the record, an assignment made orally or in brief may be considered.

This, as stated in State v. Hayes, supra, is "settled doctrine," and a citation of other cases is unnecessary.

[1] The sentence complained of was imposed under section 974 of the Revised Statutes of 1870, which reads as follows:

"Sec. 974. The judge shall have the power to sentence any person who may be convicted for a second or third offense to double and triple the penalty imposed by law, and for a fourth ouense, the person so convicted may be sentenced to perpetual imprisonment."

If the term "perpetual imprisonment" means imprisonment in the state penitentiary, then the court below had no jurisdiction to try the case, under article 116 of the Constitution of 1913, reading in part as follows:

"All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases in which the punishment may be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict."

In State v. Hudson, 32 La. Ann. 1052, the court held that, under said section 974, a defendant for a fourth offense may be sentenced to imprisonment at hard labor in the state penitentiary, and affirmed such a sentence;

but the offense in that case was larceny, a penitentiary offense.

Jurisdiction to try misdemeanor cases was vested for the first time in district courts by the Constitution of 1898, art. 16.

Hence, section 974 of the Revised Statutes now covers misdemeanors triable before the judge, and felonies triable before the jury.

As the judge has jurisdiction to try misdemeanors, he has the power to impose the double and triple penalties provided in said section, and, in case of a fourth conviction, to impose a sentence of perpetual imprisonment in jail.

But we are of opinion that this drastic law contemplates the successive imposition of the double and triple penalties before the accused can be sentenced to perpetual imprisonment.

It is therefore ordered that the sentence below be reversed, and the case remanded for sentence according to law.