(102 So. 319)

No. 26697.

### STATE v. GANI.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⚙⟹338(1)—Proof of corpus delicti is admissible.**

Proof of corpus delicti is always relevant, because always essential to a conviction.

2. **Criminal law ⚙⟹680(2)—Order of proof in respect to corpus delicti is generally discretionary with trial judge.**

Order of proof in respect to corpus delicti is generally discretionary with trial judge.

3. **Intoxicating liquors ⚙⟹226 — Evidence of finding of liquor on vacant lot adjoining accused's premises held properly admitted, in prosecution for unlawful possession.**

In prosecution for unlawful possession of intoxicating liquor for beverage purposes, evidence of finding of liquor on vacant lot adjoining accused's premises *held* properly admitted,

and a bill of exception complaining of its admission was frivolous.

4. **Indictment and information ⚙⟹171—Conviction as for second offense held unwarranted, where indictment did not charge offense was second offense.**

In a liquor prosecution, a conviction as for a second offense *held* unwarranted, where indictment did not charge offense was a second offense.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thomas F. Porter, Jr., Judge.

Robert Gani was convicted of unlawfully possessing intoxicating liquor for beverage purposes, and sentenced as for a second offense, and he appeals. Judgment appealed from annulled and set aside, and case remanded, with instructions.

A. R. Mitchell, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Griffin T. Hawkins, Dist. Atty., and John J. Robira, Asst. Dist. Atty., both of Lake Charles, Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. This is a companion case to that of State of Louisiana v. Same Defendant, No. 26696, 102 So. 318,[1] of our docket, decided this day.

The accused was charged and found guilty of unlawfully possessing intoxicating liquor for beverage purposes.

### I.

[1-3] His appeal brings up only one bill of exception, to wit, that the trial judge admitted over defendant's objection evidence tending to show that some liquor was found on a vacant lot adjoining defendant's premises. The ground of objection is not stated; presumably it was that the testimony was

---

[1] Ante, p. 231.

irrelevant. But the trial judge, in his per curiam, says:

"Other evidence in this case established beyond a reasonable doubt, that the liquor in question * * * belonged to defendant, * * * that it had been in his possession, and that it was put where it was found by the defendant personally or otherwise."

The bill is utterly frivolous. It has no more merit than if, in a case of homicide, the accused should object, on the ground of irrelevancy, to the introduction of evidence showing the finding of the corpse. Of course, in either case the evidence, when completed, must show some connection between the accused and the object found. But proof of the *corpus delicti*, i. e., "the body or substance of the crime," is *always* relevant, because always essential to a conviction; and it is immaterial what the order of proof may be in respect thereto, same being generally left to the discretion of the trial judge. State v. Gebbia, 121 La. 1083, 47 So. 32.

## II.

[4] So much for defendant's bill of exception. But *on the face of the record* it appears that it was not even charged that this was a *second offense;* yet defendant was sentenced as for a second offense; the only reason therefor being apparently that the conviction in this case took place on the same day and before the same judge as the conviction in the companion case to this, above mentioned.

In State v. Compagno, 125 La. 669, 51 So. 661 (overruling State v. Hudson, 32 La. Ann. 1052), this court held that:

"Where a statute provides a greater penalty for the commission of an offense a second time, the prior conviction enters into and is an element of the second offense; and as such an element it must be stated in the indictment, so that the accused may be made fully aware of the offense with which he is charged."

And a sentence as for a *second offense,* where this had not been done, was thereupon set aside, and the case remanded to have sentenced composed as for a *first offense.* See, also, State v. Nejin, 140 La. 793, 74 So. 103.

*Accordingly, we think the sentence herein imposed, fixing the penalty as for a second offense, was not warranted by law, and should be set aside; and that this case should be remanded to the court below to have the penalty imposed nunc pro tunc as for a first offense.*

### Decree.

The judgment herein appealed from is therefore annulled and set aside, and the case is now remanded to the court below, with instructions to sentence the defendant as for a *first offense* only.