ST. PAUL, J.
 

 Alvin Habighorst and Anthony Maone were duly convicted of robbery, for which the penalty is fixed at imprisonment at hard labor for not more than 14 years. Rev. Stat. 1870, § 809.
 

 It was not charged in the information that this was their second offense; but, when the defendants had been convicted by the jury, a proceeding was taken before the judge setting forth that this was a
 
 second offense
 
 for each of said defendants, said Habighorst having previously been convicted of a petty larceny and said Maone having previously been convicted of a robbery; and both said defendants'were ordered to show cause why they should not be sentenced to
 
 double penalty
 
 under the provisions of section 974 of the Revised Statutes of 1870, reading as follows:
 

 “Sec. 974. The judge shall have power to sentence any person who may be convicted for a second or third offense to double and triple the penalty imposed by law; and for a fourth offense, the person so convicted may be sentenced to perpetual imprisonment.”
 

 Wherefipon proof of such prior convictions was made before the judge, and each o'f said defendants was then sentenced to imprisonment at hard labor for not less than seventeen nor more than twenty-eight years.
 

 II.
 

 Both defendants have appealed; but the only question urged on appeal is as to the legality of the sentence thus imposed upon them.
 

 III.
 

 Section 974, R.S., quoted above, has stood upon the statute book of this state at least since 1855 (Act No. 120, p. 130) and probably since some earlier date than the
 
 revisory
 
 legislation of that year; possibly from the time of the first “Crimes Act” of territorial times (approved May 4, 1805).
 

 But it has never been judicially interpreted by this court, as to the meaning of “second offense.” And we still find it unnecessary to interpret those provisions in that respect.
 

 IT.
 

 But, whatever those provisions may mean, this much is certain; that our jurisprudence has sanctioned the doctrine that, whenever the state intends to claim a higher penalty for a second or subsequent offense than that allowed for a
 
 first
 
 offense, then the state must both
 
 charge and prove,
 
 before the tribunal charged with passing upon the guilt or innocence of the accused (be it judge or jury) that the offense so charged is in fact a second or subsequent offense. State v. Compagno, 125 La. 669, 51 So. 681, expressly overruling State v. Hudson, 32 La. Ann. 1052; State v. Nejin, 140 La. 793, 74 So. 103; State v. Daniel, 141 La. 423, 75 So. 102; State v. Gani, 157 La. 235, 102 So. 319.
 

 Decree.
 

 The sentence appealed from is therefore annulled and set aside, and the case is now remanded to the court below, with instructions to sentence these defendants as for a
 
 first offense
 
 only.
 

 THOMPSON, J., dissents.