(115 So. 613)

No. 28873.

## STATE v. BAILEY.

Oct. 31, 1927. On the Merits Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

On Motion to Strike.

1. **Criminal law ⬄1104(3)—Testimony not referred to in, nor attached to, bill of exception, held properly omitted from transcript on appeal.**

On appeal from a verdict and sentence for assault and robbery and a prior conviction, testimony not referred to in, nor attached to, a bill of exception, *held* properly omitted from the transcript.

2. **Criminal law ⬄1202(6)—In prosecution for assault and robbery and prior conviction, trial court's filing history of crime in record held proper (Act No. 222 of 1926, especially § 2).**

Where, in prosecution for assault and robbery and a prior conviction, the trial court incorporated in the transcript the written statement of the trial judge entitled, "History of the Crime," which was filed in the record in the lower court, *held*, because of Act No. 222 of 1926, especially section 2, not error.

On the Merits.

3. **Criminal law ⬄84(1)—Rule relative to transfer of case for expedition held not unconstitutional (Const. 1921, art. 7, § 86; Rules of Criminal District Court, rule 13, § 3).**

Rule 13, § 3, of the Rules of the Criminal District Court, providing for the transfer from one section of the court to another of criminal cases, for the expedition of business, *held* not violative of Const. 1921, art. 7, § 86, which expressly provides that the judges shall have authority to provide by rule for the exercise of jurisdiction by any judge over case previously allotted.

4. **Criminal law ⬄1206(4)—Statute providing double and triple penalties, and perpetual imprisonment for fourth offense, was not repealed by act relative to maximum fine and imprisonment when punishment is discretionary with court (Rev. St. §§ 974, 982).**

Rev. St. § 982, providing maximum fine or imprisonment when punishment is discretionary with the court, did not repeal prior act providing double and triple penalties and perpetual imprisonment, upon conviction for a second, third, or fourth offense, respectively, since section 982 is applicable only to a case where the statute which has been violated does not fix maximum penalty, but leaves it discretionary with judge, while section 974 deals with cases in which the penalty is imposed by law.

5. **Criminal law ⬄1171(6)—Prosecutor's bringing to jury's attention fact that defendant had previously been convicted of a different crime is prejudicial.**

It is prejudicial to a defendant on trial for an alleged crime for the prosecuting attorney to bring to jury's attention the fact that the defendant had previously been convicted for a different crime.

6. **Criminal law ⬄369(1)—Generally, evidence that defendant was previously convicted of some other crime is inadmissible.**

Generally, evidence that a defendant was previously convicted of some other crime is inadmissible.

7. **Criminal law ⬄1202(5)—Jury alone has authority to subject accused person to double or greater penalty because of previous conviction (Rev. St. § 974).**

The jury alone has authority to subject an accused person to the double or greater penalty, under Rev. St. § 974, because of a prior conviction.

8. **Criminal law ⬄1202(1)—That allegation and proof of previous conviction are prejudicial to defendant in subsequent prosecution cannot override necessity for making allegation and proof of previous conviction upon question of more severe penalty for subsequent offense (Rev. St. § 974).**

Under Rev. St. § 974, providing for double or greater penalties where accused has previously been convicted of such crime, fact that the allegation and proof of previous conviction are prejudicial to defendant in the subsequent

prosecution cannot override the necessity for making the allegation and proof thereof.

**9. Criminal law ⟷1169(11)—Proof of previous conviction invalidates conviction, if not necessary to subject defendant to double or severer penalty (Rev. St. § 974).**

Proof of previous conviction is inadmissible, and the admission of such evidence is deemed to be such a prejudicial error as to invalidate a conviction, if the allegation and proof of the previous conviction are not necessary to subject the defendant to the double or severer penalty under Rev. St. § 974.

**10. Criminal law ⟷1202(1)—Statute authorizing more severe punishment upon conviction of second or subsequent offense, being highly penal, should be strictly construed as against its extension (Rev. St. § 974).**

Rev. St. § 974, authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense, being highly penal, should not be extended in its application to cases which do not, by the strictest construction, come under its provisions.

**11. Criminal law ⟷1202(1)—In statute providing severer penalty upon conviction for second or third offense, "second or third offense" means second or third offense for violation of same statute (Rev. St. § 974).**

Under Rev. St. § 974, providing that upon conviction for a second or third offense the judge shall have power to inflict a more severe penalty, the term "second or third offense" means a repeated violation of one and the same statute.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Second Offense.]

**12. Criminal law ⟷1167(1)—Denying motion to omit from bill of information all reference to previous conviction of different crime held reversible error.**

On prosecution under bill of information charging assault and robbery and a prior conviction, a ruling denying defendant's motion to leave out of the bill of information all reference to his having been previously convicted of the crime of burglary *held* reversible error.

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge.

Joseph Bailey was convicted of the crime of assault and robbery and a prior conviction, and he appeals from the verdict and sentence. Verdict and sentence annulled, and case remanded to the criminal district court for further proceedings.

Maurice R. Woulfe, of New Orleans (Joseph F. Poche, of counsel), for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

On Motion to Strike.

BRUNOT, J. Appellant was prosecuted upon an information filed by the district attorney, which charged, in separate counts, the crime of assault and robbery and a prior conviction. He was tried, convicted, and sentenced to hard labor in the state penitentiary for not less than 18 nor more than 28 years. From the verdict and sentence he appealed.

[1] Defendant applied to this court for a writ of certiorari directed to the trial judge to send up the testimony taken in the case. The order issued, and in response thereto the judge says that no testimony was referred to in any bill of exception reserved by defendant. As the testimony desired was not referred to in nor attached to a bill of exception, it was properly omitted from the transcript; and the order heretofore issued directing the judge to show cause why it was not sent up is recalled and vacated.

In connection with the sentence the trial judge prepared and filed in the record a short history of the crime charged in the first count of the information, and a brief statement of the character of the accused. This history and statement were incorporated in the transcript, and counsel for the appellant filed a motion in this court to strike out and expunge it therefrom. The motion to strike out was submitted and it is the only remaining matter now before us.

It is alleged in the motion to strike out that the incorporation in the transcript of the written statement of the trial judge, entitled,

"History of the Crime," which was filed in the record in the lower court, was without warrant of law and in violation of the rules of this court. Counsel has evidently overlooked the provisions of Act 222 of 1926, especially section 2 of said act, which is as follows:

"Section 2. That whenever any district judge imposes any sentence provided for in this act, he shall attach to the judgment carrying out such sentence, a short statement, or account, of the crime committed and a short statement of the character of the person sentenced, in all cases where the minimum sentence is one year or more."

[2] In this case the minimum sentence exceeded one year; therefore when the trial judge filed a history of the crime in the record in connection with the verdict rendered and the sentence imposed, he literally complied with the provisions of the section of the statute quoted supra, and the document so filed is a part of the record in the lower court, and as such it was properly incorporated in the transcript.

For the reason stated the motion to strike out and expunge from the transcript the document entitled, "History of the Crime," is overruled.

### On the Merits.

O'NIELL, C. J. The defendant was prosecuted for the crime of robbery. In order to subject him to double the penalty (imprisonment at hard labor in the penitentiary for a term not exceeding 14 years) prescribed by the statute (section 809, Rev. Stat.) for the crime of robbery, it was charged in the bill of information that the defendant had been convicted previously of the crime of breaking and entering a dwelling house in the daytime with intent to steal, and that he had served a sentence of imprisonment for not less than four or more than five years in the penitentiary, without being pardoned. In the prosecution for robbery, the jury found the defendant guilty as charged, and the judge, claiming authority under section 974 of the Revised Statutes, sentenced him to imprisonment at hard labor in the penitentiary for a term not less than 18 or more than 28 years. The maximum term of imprisonment imposed was therefore exactly double the maximum term allowed by the statute for the crime of robbery, and nearly six times the maximum term for the alleged burglary. The defendant has appealed from the verdict and sentence.

The bills of exception present only two questions for consideration. The first bill was reserved to the overruling of a motion of the defendant's counsel to retransfer the case from section C, presided over by Judge Henriques, to section D, presided over by Judge Echezabal. The case was originally allotted to section D, presided over by Judge Echezabal, and he exercised his jurisdiction to the extent of fixing the amount of the bond on which the defendant might be admitted to bail, and afterwards overruling a motion to reduce the bond. Thereafter, on motion of the district attorney and on his showing that the defendant was yet in jail unable to furnish bond, and that Judge Echezabal was absent on vacation and would be absent for nearly two months, and that Judge Henriques, presiding over section C of the court, was then trying jury cases, and that it was desirable to expedite the trial of this case, Judge Echezabal, with the written approval of Judge Henriques, ordered the case transferred from section D to section C. The transfer was made according to the rules of the Criminal District Court (section 3 of rule 13), viz.:

"Any case of any class whatsoever may be transferred as often as may be necessary for the proper expedition of the business of the court, upon the motion of either the State or the defendant, from one section of the court to another, provided that the judges of the sec-

tions of the court, from which and to which the case is transferred, consent thereto."

[3] It is contended by the appellant that the rule of court which we have quoted is violative of the provisions of section 86 of article 7 of the Constitution that all cases in the criminal district court shall be equally allotted by classes among the judges of said court, and that each judge shall have exclusive control over any case allotted to him from its inception until its final disposition by the court.

On the contrary, section 86 of article 7 of the Constitution contains a proviso which, in our opinion, was intended to allow the criminal district court to adopt a rule for the transfer or retransfer of cases from one section of the court to another, whenever such transfer or retransfer might be deemed necessary to expedite the trial of a case. Section 86 of article 7 of the Constitution reads thus:

"All prosecutions instituted, or cases filed on appeal or otherwise in the criminal district court for the parish of Orleans, and all cases transferred to said court, shall be equally allotted by classes among the judges of said court, and each judge or his successor shall have exclusive control over any 'case allotted to him from its inception to its final disposition in said court. *Provided, however, the said judges shall have authority to provide by rule for the exercise of jurisdiction by any judge over any case previously allotted.* The judges of said court shall have power to adopt all necessary rules regulating the order of trial, and the proceedings in the trial of all cases in said court not in conflict with the law, and to provide by rule for the receiving of affidavits charging crimes and offenses against the state; said affidavits to be taken and filed by the clerk of the criminal district court for the parish of Orleans or his assistants." (The italics are ours.)

The proviso, which we have italicized, is a plain grant of authority for the criminal district court to adopt such a rule as section 3 of rule 13. There is therefore no merit in bill of exceptions No. 1.

Bill No. 2 was reserved to the overruling of a motion by defendant's counsel to strike out of the bill of information the allegation that the defendant had been previously convicted of the crime of breaking and entering a dwelling house in the daytime with intent to steal. The complaint made in the motion was, first, that the allegation, and the evidence to be offered in support of the allegation, that defendant was previously convicted of the crime of burglary, was irrelevant to the accusation on which he was about to be tried, and tended merely to prejudice the defendant in the estimation of the jury and therefore to deny him a fair and impartial trial; and, second, that section 974 of the Revised Statutes was inoperative and unenforceable against the provisions of section 982 of the Revised Statutes.

[4] As a matter of convenience, we shall first dispose of the second complaint in the motion to strike out; that is to say, that section 974 of the Revised Statutes was superseded and virtually repealed by section 982. We do not find any merit in the contention, for there is nothing irreconcilable in the two sections of the Revised Statutes. Section 974 provides:

"The judge shall have the power to sentence any person who may be convicted for a second or third offense to double and triple the penalty imposed by law, and for a fourth offense, the person so convicted may be sentenced to perpetual imprisonment."

Section 982 provides:

"Whenever the punishment of fine and imprisonment are left by law at the discretion of any court, the fine shall not exceed one thousand dollars, nor the imprisonment two years."

Section 982 is applicable only to a case where the statute which has been violated does not fix the maximum penalty of fine or imprisonment, but, in terms, leaves the amount of the fine or the term of imprisonment, or both the amount of the fine and the term of imprisonment, in the discretion of the judge. Section 974 deals only with second

and subsequent violations of a criminal statute, by authorizing the judge to impose, for a second offense, double the penalty imposed by the law which has been violated, or, for a third offense, triple the penalty imposed by the law which has been violated, or, for a fourth offense, a sentence to perpetual imprisonment.

The first complaint made in the defendant's motion to strike out of the information the reference to a previous conviction for the crime of burglary, however, is serious; that is to say, that the reference to the previous crime and conviction was irrelevant to the accusation on which he was about to be tried, and tended merely to create a prejudice against the defendant in the mind of the jury, and thereby to deprive him of a fair and impartial trial.

[5-8] It is recognized universally that it is prejudicial to a defendant on trial for an alleged crime for the prosecuting attorney to bring to the knowledge and attention of the jury the fact that the defendant was previously convicted of some other crime, and, as a rule, such evidence is not admissible. That is why it was first thought by this court (in State v. Hudson, 32 La. Ann. 1052), and is yet held in some jurisdictions, that the allegation and proof of a previous conviction should not be presented to the jury, but should be made known only to the judge, after a conviction for the subsequent offense, in order to allow the judge to impose a double or enhanced sentence, under a statute such as section 974 of the Revised Statutes. 16 C. J. pp. 1339, 1342, 1343; 31 C. J. p. 737, § 286, citing Wright v. Commonwealth, 109 Va. 847, 65 S. E. 19. It is well settled now, however, by the rulings of this court, and is held by a majority of the courts in other jurisdictions, that the jury alone has authority to subject an accused party to the double or greater penalty, under a statute like section 974 of the

Revised Statutes, and that, if the previous conviction was for an offense which would warrant the double or greater penalty for the subsequent conviction, the fact that the allegation and proof of the previous conviction is prejudicial to the defendant in the subsequent prosecution cannot override the necessity for making the allegation and proof of the previous conviction. State v. Compagno, 125 La. 669, 51 So. 681 (overruling State v. Hudson, supra); State v. Kierson, 140 La. 31, 72 So. 799; State v. Nejin, 140 La. 793, 74 So. 103; State v. Daniel, 141 La. 423, 75 So. 102; State v. Gani, 157 La. 231, 102 So. 318, and Id., 157 La. 235, 102 So. 319; State v. Habighorst, 163 La. 552, 112 So. 414; 16 C. J. p. 1342, § 3159; 31 C. J. p. 734, §§ 281 and 282; 8 R. C. L. p. 276, § 293; Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431, and note p. 436; Jones v. State of Oklahoma, 9 Okl. Cr. R. 646, 133 P. 249, 48 L. R. A. (N. S.) 204, and note p. 205.

[9] It is also well settled that proof of a previous conviction is inadmissible, and that the admission of such evidence is deemed to be such a prejudicial error as to invalidate a conviction, if the allegation and proof of the previous offense are not necessary, to subject the defendant to the double or severer penalty under a statute such as section 974 of the Revised Statutes. State v. Nejin, 140 La. 793, 74 So. 103; 16 C. J. p. 1343, § 3161, citing Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782, and Paetz v. State, 129 Wis. 174, 107 N. W. 1090, 9 Ann. Cas. 767.

In State v. Nejin, supra, a conviction for a misdemeanor, tried by the judge without a jury, was set aside because evidence of a previous conviction was admitted over the defendant's objection, in a case where the fact of the previous conviction was not properly alleged, for the purpose of subjecting the defendant to a double penalty under section 974 of the Revised Statutes. In annulling the

conviction as well as the sentence, the court said:

"As the matter stands, the judge, who had the power to convict as well as to sentence, heard evidence which was inadmissible, and though we do not, for a moment, question either the ability or the singleness of purpose and high sense of judicial obligation of our learned Brother, we cannot but feel that the evidence thus heard was in its nature so prejudicial to the interest of the defendant, that the conviction, as well as the sentence, should be set aside."

The only question, therefore, is whether the state had the right to allege and prove, for the purpose of subjecting the defendant to the double penalty for robbery, under section 974 of the Revised Statutes, that he had been previously convicted of the crime of breaking and entering a dwelling house in the daytime with intent to steal; and that depends upon the meaning of the term "second or third offense," as used in the statute. In State v. Nejin, supra, it was assumed that the term "second or third offense" meant a violation of the same statute twice or three times; for, in the syllabus, by the court, it was said:

"Where, in the prosecution, upon affidavit, of an offense required to be prosecuted in that way, the affidavit fails to charge that the offense is *the second or third of the kind* committed by the defendant, evidence of such fact, offered upon the basis of an unsworn statement to that effect, filed after the affidavit, in order that the penalty may be increased, as provided by Rev. St. § 974, is inadmissible. [Italics ours.]

"The defendant in such case is entitled to be fully informed, in the manner prescribed by law, concerning the charge that he is to meet, and such information carries with it the knowledge of the penalty that may be imposed upon him. And when the trial takes place before the judge without a jury, and the evidence mentioned has been admitted, and the increased penalty has been imposed, the conviction, as well as the sentence, will be set aside."

The language of the statute, giving judges the power to sentence for a conviction for a second or third offense, "to double or triple the penalty imposed by law," indicates that the statute applies only to a repeated violation of the same statute; for, if the Legislature had intended the statute to apply to any two or three crimes, whether violations of the same statute or of different statutes, the Legislature would have found it necessary, in order to avoid ambiguity, to say which penalty should be doubled or tripled; that is to say, whether the double or tripled penalty should be based upon "the penalty imposed by law" for the first or the second or the third offense. In this case, for example, the penalty imposed by law (Rev. Stat. § 854) for the first offense, breaking and entering a dwelling house in the daytime with intent to steal, is imprisonment in the penitentiary for a term not exceeding five years and a fine not exceeding $1,000; whereas, the penalty imposed by law (Rev. Stat. § 809) for the second offense, robbery, is imprisonment in the penitentiary for a term not exceeding 14 years. Section 974 of the Revised Statutes could not be applicable to such a case without being ambiguous and subject only to a very arbitrary construction, one way or the other; for the language of the statute gave the judge no better reason for doubling the penalty of 14 years' imprisonment, "imposed by law," for robbery, than for doubling only the penalty of five years' imprisonment, "imposed by law" for the crime of burglary.

The rulings on this subject in other jurisdictions are not apt to furnish a precedent for an interpretation of section 974 of the Revised Statutes, because the question, after all, as to whether the enhanced penalty may be imposed because of a previous conviction for any crime, or only because of a previous conviction for a violation of the same statute, depends upon the language of the statute in each jurisdiction.

"While it is always necessary, under the statutes, that there should be a prior conviction of accused in order to authorize a more severe penalty to be imposed upon a second

conviction or upon successive convictions. the character of the prior or subsequent conviction, on which the infliction of the enhanced penalty depends, can be determined only by a construction of the particular statute in each jurisdiction." 16 C. J. p. 1340, § 3152.

It is generally held that, if the statute allows the enhanced penalty for a second violation of that or any other particular law, it is not necessary, in order to authorize the enhanced penalty, for the two offenses to be violations of one of the same provision in the law. See note to Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 434; and note to Jones v. State, 9 Okl. Cr. R. 646, 133 P. 249, 48 L. R. A. (N. S.) 205. In State v. Maltais, 75 N. H. 248, 72 A. 1023, however, it was held that, in order to authorize the enhanced penalty, the two offenses had to be violations of one and the same provision in the statute. That construction was more strict than in other jurisdictions; but the courts all seem to agree that two similar offenses, if violative of different statutes, do not subject the offender to the enhanced penalty for the second offense, under either statute.

"Where the enhanced penalty is imposed upon second violations of a law, it must be shown that the first conviction was a violation of that act, and not a violation of another statute directed against the same offense.

"Thus, under a statute which makes a certain act a crime, and provides a penalty therefor, and an enhanced penalty for a second offense, the first offense must have been under the statute also in order to justify a conviction of a second offense; a conviction of the same acts which constituted a crime under another statute is not sufficient." Boroum v. State, 105 Miss. 887, 63 So. 297, 457, 48 L. R. A. (N. S.) 205.

The judge of the criminal district court, in this case, construed the statute as if it declared that a person convicted a second or third time for the commission of a felony, or for the commission of two or three felonies, might be sentenced to double or triple the penalty imposed by law for the second or third of the felonies committed. That is not in accord with the wording of the statute. Although it it is possible, it is not at all certain, that the Legislature intended it to have that meaning; for this court has several times taken it for granted, without the necessity for deciding, that the statute was applicable as well to misdemeanors as to felonies. State v. Kierson, 140 La. 31, 72 So. 799; State v. Nejin, 140 La. 793, 74 So. 103; State v. Daniel, 141 La. 423, 75 So. 102; State v. Gani, 157 La. 231, 102 So. 318; and State v. Gani, 157 La. 235, 102 So. 319. We doubt that the provision for "perpetual imprisonment" is applicable to misdemeanors, because it is not likely that the Legislature intended to subject a person to "perpetual imprisonment" in a parish jail; and, if the term means imprisonment in the penitentiary—which we think it does—the effect of applying the law to a misdemeanor would not only be amenable to the constitutional objection to cruel and unusual punishment (article 1, § 12), but it would deprive the judge of jurisdiction to try the case without a jury, as pointed out in State v. Kierson, supra. That is a matter which we are not concerned with in this case. We mention it merely to show what an anomalous consequence might result if we should construe section 974 of the Revised Statutes so as to allow the double or triple penalty for a violation of two or three different statutes, as well as for a repeated violation of one and the same statute.

[10] The fundamental rule of construction for statutes like section 974 of the Revised Statutes is stated in 16 C. J. p. 1139, § 3150, viz.:

"*How Construed.*—A statute authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal, and should not be extended in its application to cases which do not by the strictest construction come under its provisions."

165 LA.—12

165 LOUISIANA REPORTS

This court has invariably favored a strict construction of the statute, for, in every case in which a judge has imposed the double or greater sentence under the statute, the court has, for one reason or another, either set aside the conviction and sentence or set aside only the sentence and remanded the case, with instructions to impose a sentence only for a first conviction. In State v. Hudson, 32 La. Ann. 1052, it was held that it was not necessary to charge in the bill of information that the defendant had been previously convicted of a violation of the statute but the enhanced sentence imposed upon him under Rev. Stat. § 974, was set aside because he was not given an opportunity to show cause, after the conviction and before sentence, why the enhanced sentence should not be imposed upon him. In State v. Compagno, 125 La. 669, 51 So. 681, State v. Hudson was overruled in so far as it had been held that it was not necessary to allege the previous conviction, in the bill of indictment or information for the subsequent offense, and the sentence against Compagno was set aside because of the failure to allege a previous conviction. In State v. Kierson, 140 La. 31, 72 So. 799, the sentence to perpetual imprisonment in the penitentiary for a fifth offense was set aside on the ground that the penalty could only be imposed after successive imposition of the double and triple penalties. The court said:

"But we are of opinion that this drastic law contemplates the successive imposition of the double and triple penalties before the accused can be sentenced to perpetual imprisonment."

In State v. Nejin, 140 La. 793, 74 So. 103, as we have said, the conviction as well as the sentence was set aside because evidence of the previous conviction was allowed to be introduced without proper allegation thereof in the affidavit charging the subsequent offense. In State v. Daniel, 141 La. 423, 75 So. 102, we said that the objection "that the charging of a previous offense and conviction might prej-

udice the defendant before the jury" was not as appropriate in the case of a misdemeanor, tried before the judge alone, as in the case of a felony, tried by a jury; but we set aside the sentence because the judge had imposed the maximum penalty of both *fine* and *imprisonment*, for the offense of carrying a concealed weapon, whereas the statute provided only for *either* a fine or imprisonment. In State v. Gani, 157 La. 231, 102 So. 318, we set aside the sentence for a second offense because the conviction for the first offense was appealed from, and, although the conviction had been affirmed, the delay for a rehearing had not expired and the rehearing was not refused until the day after the trial for the second offense. In the case of the other offense, State v. Gani, 157 La. 235, 102 So. 319, the double sentence was set aside because it was not charged in the bill of information that the accusation was for a second offense. In State v. Habighorst et al., 163 La. 552, 112 So. 414, the sentence against both defendants for a second offense was set aside and the case was remanded with instructions to the judge to impose a sentence only for a first offense, because it was not charged in the bill of information that that was a second offense.

[11] Our conclusion is that it would do violence to the most fundamental of the canons of construction to construe the term, "second or third offense," as used in section 974 of the Revised Statutes, as meaning anything else but a repeated violation of one and the same statute.

[12] The defendant's motion to leave out of the bill of information all reference to his having been previously convicted of the crime of burglary was well founded, and should have been sustained.

The verdict and sentence are annulled and the case is remanded to the criminal district court for further proceedings according to law.