On Rehearing.
 

 HIGGINS, Justice.
 

 The accused, Jack O’Day, alias Jack King, was indicted and tried for the murder of one Estelle' Hughes. He was convicted of manslaughter and sentenced to a term of six years and six months to twenty years in the State Penitentiary. He ap'pealed and the verdict of the jury and sentence of the court were affirmed. State v. O’Day, 188 La. 169, 175 So. 838.
 

 The State then filed a bill of information under Act No. 15 of 1928, charging the defendant with being a multiple or habitual offender, alleging that he had been previously convicted and sentenced, first, for the crime of manslaughter in Louisiana, second, for the crime of “stealing an automobile of the value of $850.00” in the Dominion of Canada, and, third, for the crime of “grand larceny” in the State of Oregon.
 

 
 *395
 
 When arraigned, the defendant elected to stand mute and the case was set for trial. Thereafter, the district judge found him guilty as charged and sentenced him to serve a term at hard labor in the State Penitentiary of not less than forty years nor more than sixty years. He again appealed, relying for a reversal of the conviction and sentence on several bills of exceptions.
 

 This court concluded that the State had failed to prove that the theft of the automobile in Canada, for which the defendant had been convicted and sentenced, would constitute the crime of grand larceny under the law of this State, because the essential element of larceny was not shown and asportation was not a necessary ingredient of the crime of stealing an automobile under the Canadian statute. We ordered the conviction and sentence, under Act No. 15 of 1928, set aside, stating that our conclusion made it unnecessary to pass upon the other bills of exception.
 

 The State then applied for a rehearing on the ground that this Court had set aside /the conviction and sentence in its entirety without passing upon the legality of the conviction of the defendant as a second offender. A rehearing was granted and the bills of exception, heretofore not passed upon by us, were reargued.
 

 Preliminarily to presenting his argument with reference to the respective remaining bills of exception, counsel for the defendant raised, in this court, the point that, as we had decided that the count in the information with reference to the alleged Canadian felony had not been proved by
 
 the State, the
 
 entire finding and sentence of the trial judge should be set aside, because the admission of evidence under this illegal count so prejudiced the mind of the trial judge that the accused failed to obtain a fair and impartial trial, citing State v. Nejin, 140 La. 793, 805, 808, 74 So. 103; State v. Bailey, 165 La. 341, 115 So. 613, 58 A.L.R. 1.
 

 The first case is not in point, because the affidavit under which the accused was being prosecuted failed to charge him with being a previous offender and, therefore, the evidence with reference to prior convictions and sentences was inadmissible. We said that, as the trial judge was then considering the question of the guilt or innocence of the accused on a similar charge and illegally permitted the introduction of this highly prejudicial evidence, the conviction and sentence in its entirety would be set aside. There, the accused was being tried' for an alleged new offense and the judge had the right to determine whether or not he was guilty. It was our view that he was entitled to be tried and his guilt or innocence of the new offense determined without this illegal and prejudicial evidence being introduced against him. In short, the judge necessarily took into consideration this inadmissible and damaging evidence in determining his guilt on the new charge. In the instant case, the defendant had already been convicted by a jury for manslaughter and sentenced by the court therefor. The question of his guilt or innocence on that charge had been settled. The purpose of filing the information under Act No. 15 of
 
 *397
 
 1928 was not to
 
 affect his guilt or
 
 innocence of the crime for which he had been convicted, but to determine the extent of the sentence that the court should impose. The question of whether or not the defendant had been previously convicted and sentenced and served a term in a penitentiary for a felony was simply a question of fact. It did not involve his guilt or innocence of the previous charges, but only the question of whether or not he was the same person who had been previously convicted of a felony and had served a sentence in a penitentiary therefor. State v. Guidry, 169 La. 215, 124 So. 832.
 

 In the second case, State v. Bailey, supra, which cites with approval the first case, State v. Nejin, the accused was charged in separate counts in the information with the crime of assault and robbery and with a prior conviction. Under the second count, evidence that the accused had been previously convicted and sentenced for entering a dwelling house in the daytime was admitted against him over his objection. This court concluded that the evidence had been improperly and illegally admitted, because Section 974 of the Revised Statutes only authorized the judge to impose an additional sentence where the accused had been convicted and sentenced for violating the same law and not where the accused had been charged and convicted for a different offense than the one for which he was being tried. In setting aside the conviction and sentence, we followed the ruling of State v. Nejin, pointing out that the admission of this illegal and prejudicial evidence so influenced the minds of the jurors that the accused failed to obtain a fair and impartial trial with reference to the new offense for which he was being tried. Our observations of why the case of State v. Nejin is not apposite equally apply here.
 

 The motion to quash the information was properly overruled by our learned brother below, because, while under the Canadian statute, taking and carrying away of the automobile was not an indispensable ingredient of the crime of stealing an automobile, it appears that cases where the automobile was moved are likewise covered by this Canadian statute, and therefore the State might have been able to show on the trial of the instant case that, as a matter of fact, the accused did move the automobile and, therefore, committed the crime of grand larceny denounced as a felony under the laws of this State. In our original opinion we pointed out that the State failed to prove asportation and, therefore, did not establish one of the necessary elements of the crime of grand larceny under the laws of Louisiana.
 

 The defendant has also cited the case of State v. Brown, 175 La. 357, 143 So. 288, which is not in point, because it was there shown that the offense under the Alabama statute was not a crime in Louisiana. In the instant case, the Canadian law covers both types of stealing, i. e., where there was asportation and where there was none. The former is a crime under our larceny laws, the latter is not. Therefore, the State was entitled to prove, under this count of the information, if it could, that the defendant did take or move the auto
 
 *399
 
 mobile away. The mere fact that the State was unable to prove asportation of the automobile under this count of the information does not per se make the evidence introduced with reference thereto inadmissible. The evidence, unless otherwise inadmissible, was lawfully before the court, but inadequate to prove the State’s case on this count. The accused was entitled to have this count of the information and the evidence introduced thereunder rejected, because the State failed to show that he was a third offender under the statute, but he was not entitled to have the entire finding and sentence of the trial judge dismissed.
 

 Bill of exception No. 1, having been disposed of' in our original opinion, as above supplemented, the next one for our consideration is bill of exception No. 2. This exception results from the trial judge overruling pleas of former jeopardy and former acquittal. The record shows .that after the accused had been convicted and sentenced for the crime of manslaughter, the district attorney filed an information under Act No. .15 of 1928, charging the defendant with, being a third offender. He was arraigned, tried and found guilty. He filed a motion for a new trial, based upon, sixteen bills of exception. The motion was overruled. and the accused was then' sentenced. After the attorney for the defendant filed his bills of exception and motion •for an appeal, but before the trial judge placed his per curiam on the bills, or signed the order of appeal, he granted the defendant a new trial, based upon his previous motion'therefor. The-defendant objected to the granting of a new trial and his objection was overruled. He reserved a bill of exception. The district attorney then nol-prossed the first information and filed a second one under Act No.' 15 of 1928. The accused then applied to this court for writs of certiorari, mandamus and prohibition, which were refused on the ground that the applicant made no showing of injury and had obtained, by the ruling of the district judge in granting him a new trial, all of the relief that he could have obtained by the successful prosecution of his contemplated appeal.
 

 Our ruling was not only correct, but was in accord with the jurisprudence which holds that there is no former jeopardy in proceedings where an accused is charged as a second and third offender. State v. Hardy, 174 La. 458, 141 So. 27; State v. Ugarte, 176 La. 54, 145 So. 266; State v. Guidry, 169 La. 215, 124 So. 832, and State v. Cass, 188 La. 606, 177 So. 682.
 

 It is very difficult to follow counsel’s argument as to his plea of former acquittal, because the accused was found guilty and, even if illegally convicted, would be subject to further prosecution on a legal charge, after the illegal proceeding had been set aside on appeal.
 

 Bill of exception No. 3 was reserved when the court, over defendant’s objection, admitted in evidence that portion of a free and voluntary statement made by the defendant to the district attorney in which he admitted that he had served two, two-year terms in two penitentiaries. The objection was in four
 
 *401
 
 parts: First, that the complete statement contained irrelevant matters; second, that the count with reference to the Canadian charge did not set up any felony under the laws of Louisiana and, therefore, no evidence could be admitted under it; third, that the information charges that defendant admitted having served two years in the Oregon State Penitentiary for robbery, whereas, the information alleges that he served this sentence for the crime of grand larceny; and, fourth, that in his statement the accused admitted that he had served a term in the penitentiary in Alberta, Canada, for the crime of robbery, whereas, the information charged that he had served this sentence for stealing an automobile.
 

 We shall discuss these points in the above order:
 

 (1) The learned trial judge excluded all of that part of the confession or statement of the accused with reference to the killing of Estelle Hughes, and admitted only that portion that dealt with the alleged criminal record of the accused. The issue before the court was whether or not the prisoner was the same party who had been convicted of the alleged felonies covered by the documentary evidence consisting of the certificates of the Wardens of the penitentiaries. The portion of the defendant’s statement admitted in evidence was pertinent and admissible to show his correct name and age and that he had been arrested and served terms for “robbery of a car and theft”, and that he had served time in the penitentiary therefor. It also revealed the penitentiaries in which he had served and the different aliases he used. All of this information was relevant to the issues before the court.
 

 (2) The second objection is a reiteration of the defendant’s contention made in connection with the motion to quash the count of the information with reference to the Canadian charge and we have already disposed of that matter.
 

 3 and 4. The defendant’s admission that he had served terms in penitentiaries for “robbery of a car and theft” was admissible in evidence as tending to show that- he'was a multiple offender, in having served a term in the Oregon Penitentiary for grand larceny and a term in the Canadian Penitentiary for having stolen an automobile. The mere fact that he used the word “robbery” in his statement does not mean that he was confessing to robbery only in its technical meaning, for it appears that he was using that word in the sense of “theft” or “stealing”. The State, therefore, was not proving that the defendant confessed to having been convicted and having served sentences for crimes different than those charged in the information.
 

 Bill of exception No. 4 was reserved to the admission in evidence of exhibit “Byrnes 1 and 2”, which is a carbon copy of a letter consisting of two pages, written by the district attorney to J.- W. Lewis, Warden of the Oregon Penitentiary, at Salem, Oregon. It is said that the exhibit was irrelevant, immaterial and hearsay evidence and, therefore, inadmissible. The evidence was not hearsay, because the district attorney identified
 
 *403
 
 the copy of his letter while he was on the witness stand. He explained that he addressed the letter to Honorable J. W. Lewis, Warden of the Penitentiary, Salem, Oregon, asking for a certificate, authenticated and in proper form, in the matter of Jack O’Day, alias Jack White, Joe Day, etc. The witness testified that the original of this exhibit was deposited in the United States mails, after having been properly addressed, sealed and stamped. He states that the Warden’s certificate and authenticating documents were feceived at his office in due course, through the United States mail, in a properly addressed and sealed envelope, postmarked “Salem, Oregon”, with the stamps thereon properly cancelled.
 

 The warden’s certificate was an essential part of the State’s case and the purpose of the original of the exhibit, which is the subject of the bill of exception, was to confirm the explanation of the district attorney as to the manner in which he came in possession of the documents, “Nos. 3 and 4”, the warden’s certificate. Furthermore, this evidence was admissible as tending to establish the genuineness of exhibits “Nos. 3 and 4”, for the latter exhibits were created in order to comply with the requests of the district attorney’s letter, exhibit “1 and 2”, which was admissible for the purpose of identifying and interpreting the warden’s authenticated certificate.
 

 Bill of exception No. 5 was taken to the judge’s ruling in admitting in evidence exhibits “Nos. 3 and 4”, which consist of the certificate of the.warden of the Oregon Penitentiary at Salem, Oregon, and the certificate of the Secretary of the State of Oregon, certifying to the authenticity of the warden’s certificate. As stated by the trial judge, these exhibits are in accordance with the provisions of Act No. 16 of 1928 and the Act of Congress (R.S. Sec. 906, 28 U.S.C.A. § 688; Acts of Mar. 27, 1804, C. 56, §§ 1, 2, 2 Stat. 298, 299; Feb. 21, 1871, C. 62, 16 Stat. 419). This certificate and the defendant’s voluntary statement show indisputably that the prisoner at the bar and the one who served a term in the Oregon State Penitentiary for grand larceny under the name of “Joe King” and other aliases is one and the same person. It appears that the attestation is in due form and by proper officer and bears the seal of the State of Oregon.
 

 Bill of exception No. 6 was taken to the ruling which permitted the introduction in evidence of “Byrnes 6, 7, and 8”, consisting respectively of the superintendent of the Canadian Penitentiary's certificate, the committment of the trial court and the authenticating certificate of the Vice-Consul of the United States at Ottawa, Canada. The district judge, in his per curiam, states:
 

 “Act 16 of 1928 provides for the admissibility of the certificate of the superintendent or other chief officer of a penitentiary. The aforesaid certificate and committment thereto attached, complies in every respect with our statute and this Court therefore, admitted the same in evidence, ‘as prima facie evidence of the imprisonment and of the discharge of such person’ as permitted by our Act 16 of
 
 *405
 
 1928. This Court took the position that Byrne 6 and 7 were admissible in evidence without the aid of Byrne 8 under the provisions of Act 16.”
 

 This evidence was admitted under the count in the information charging the defendant with having been convicted and sentenced to a term in the penitentiary for “stealing an automobile valued at $850.00” in the Province of Alberta, Canada. The superintendent certified that he was the keeper of all of the records of the Canadian Penitentiary and he affixed his signature and seal to the document in which he certifies that Jack O’Day had heen incarcerated in the penitentiary for two years under a committment of the trial court, which showed that he had pleaded guilty to stealing a Buick automobile valued at $850 and was sentenced to serve two years in the penitentiary. The authenticating certificate show's that the superintendent of the penitentiary was in charge of the records and the custodian thereof, and had authority to authenticate his documents with the seal of his office. This evidence was relevant, because it tended to establish the identity of the accused and was in proper form. It was legally before the court, even though its effect subsequently was nullified by the State’s failure to prove that the accused had moved the Buick car. But even if these documents had been improperly admitted, it would avail the defendant no further relief for the entire Canadian count has been eliminated by our previous holding.
 

 Bills of exception Nos. 7 and 8 are substantially the same as bills of exception Nos. 4, 5 and 6, except that they involve the carbon copy of a letter of the assistant district attorney and the authentic certificates of the warden of the Oregon Penitentiary and the superintendent of the Penitentiary of the Dominion of Canada. Our rulings on the previous bills are decisive of the points presented in these exceptions.
 

 The ninth bill of exception was reserved to the court’s ruling in refusing to grant a motion for a new trial. The allegations of the motion consist of a reiteration of all of the bills of exception, the only new matter being that the State had failed to offer any proof that the accused' is the same person who was charged in the Parish of Orleans with the murder of Estelle Hughes and convicted of and sentenced for manslaughter. The record shows that the accused was tried for murder and convicted of manslaughter before a jury in the court of the same judge who sentenced him. The present proceeding is a part of the original prosecution against -him for that crime. State v. Guidry, 169 La. 215, 124 So. 832. Our learned brother below had the right to take judicial cognizance of any prior proceeding which was a part of the same case he had previously tried. The filing of the information was solely and only for the purpose of having the court impose a sentence upon the accused, according to the laws of this State, as a second or third offender. Therefore, proof that he was the prisoner who had been sentenced by the judge under the previous conviction by the jury was not necessary.
 

 
 *407
 
 Bill of exception No. 10 was taken to the action of the court in denying the motion in arrest of judgment, which was based upon the same reasons contained in the motion to quash the count of the indictment with reference to the Canadian charge. This issue has already been resolved in favor of the accused in our original opinion, as modified by this opinion, to the extent of setting aside the finding of the trial judge' that the accused was a third offender.
 

 The district judge, having found the defendant guilty as a third offender on the Canadian count in the information, necessarily concluded that he was guilty as a second offender, under the Louisiana and Oregon counts of the information. We differed with our learned brother below that the State had shown that the accused had served a term in the penitentiary in Canada for an offense which would have been a felony under the laws of this State, if committed here, but we concur in the legality of his finding that the accused was a second offender, the State having proved the Louisiana and Oregon counts of the information.
 

 For the reasons assigned it is ordered, adjudged and decreed that our original decree setting aside the sentence of defendant as a third offender is reinstated, but it is amended so as to affirm the judgment of the district judge, finding the accused guilty as a second offender,'and the case is remanded to the district judge for the purpose of having sentence imposed upon the defendant, Jack O’Day alias Jack King, as a second offender, according to law. Defendant’s right to ask for a rehearing is reserved.
 

 ROGERS, J., absent.