·94 So.2d 290

STATE of Louisiana

v.

Hewitt H. BOOTH, John J. Senac, Frank Schnell.

No. 43157.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Chandler C. Luzenberg, Jr., Girard J. Fernandez, New Orleans, for appellants.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Edward A. Haggerty, Jr., James C. Garrison, Louis Fenner Claiborne, Asst. Dist. Attys., for appellee.

MOISE, Justice.

The defendants appeal from their convictions and sentences for the crime of conducting a lottery in the City of New Orleans in violation of LSA–R.S. 14:90.

Three bills of exceptions were perfected and are presented for our consideration.

Bill of Exceptions No. 1 was taken to the trial court's overruling defendants' plea to the jurisdiction of Division "A" of the Criminal District Court for the Parish of Orleans.

Defendants allege that the State, on its own motion, had their case transferred from Section "C" of the Criminal District Court for the Parish of Orleans, to which section their case was originally allotted, to Section "A" without their consent. They contend that the removal was illegal and in violation of their constitutional and legal rights and had the effect of depriving them of their allotment and arbitrarily selecting their forum.

The motion to transfer, filed by the Assistant District Attorney for the Parish of Orleans, and signed by Judge J. David McNeill, Judge of Section "C", reads as follows:

"On motion of Edward A. Haggerty, Jr., Assistant District Attorney for the Parish of Orleans, and on suggesting to this Court that this case should be transferred from Section C, to Section A, for the following reasons, to-wit:

"For proper expedition of Courts business as provided in La.Const. Art. 7 [§] 86 and Rules of Crim. Dist. Court.

"It Is Ordered: that this case be transferred from Section C, to Section A, subject to the approval of the Judge of Section A.

"Filed April 10, 1956

"(Signed) J. David McNeill

"Judge of Section C"

Article 7, Sec. 86, of the Louisiana Constitution, LSA provides:

"All prosecutions instituted, or cases filed on appeal or otherwise in the Criminal District Court for the Parish of Orleans, and all cases transferred to said court, shall be equally allotted by classes among the judges of said court, and each judge or his successor shall have exclusive control over any case allotted to him from its inception to its final disposition in said court. Provided, however, the said judges shall have authority to provide by rule for the exercise of jurisdiction by any judge over any case previously allotted. The judges of said court shall have power to adopt all necessary rules regulating the order of trial, and the proceedings in the trial of all cases in said court not in conflict with the law, and to provide by rule for the receiving of affidavits charging crimes and offenses against the State; said affidavits to be taken and filed by the clerk of the Criminal District Court for the Parish of Orleans or his assistants."

Rule VI, Sec. 3, of the Criminal District Court for the Parish of Orleans, adopted under the above Constitutional authority, provides:

"Any case of any class whatsoever may be transferred as often as may be necessary for the proper expedition of the business of the Court, upon the motion of the State or the defendant, from one Section of the Court to another, provided that the Judges of the Sections from which, and to which, the case is transferred consent thereto in writing."

Counsel for the defendants argue that the State failed to show any necessity for the transfer of appellants' case from Division "C", the forum of original allotment, to Division "A"; and that, in reality, the District Attorney chose his own forum to try appellants. It is further asserted that appellants are not complaining of their original allotment, but are complaining that they lost the benefit of such allotment by the transfer.

Defendants offered the testimony of Honorable J. David McNeill, Judge of Division "C" of the Criminal District Court, which was to the effect that he could have tried defendants' case, but nowhere in the record is there any evidence to show that the transfer was not to properly expedite the business of the Court.

In the per curiam of the trial judge we find the following statement, which is proof that the action of the district attorney in requesting the transfer was not arbitrary, and that the transfer actually expedited the Court's business:

"The trial Court annexes to this per curiam and makes part hereof a photostat of the original of a report compiled by the District Attorney's office in April of 1956, which document is labeled, "Status of Dockets, Criminal District Court, Parish of Orleans, Active Cases", and furnished the respective judges of said Court, when and as compiled by the District Attorney.

" * * * in April of 1956, Section 'A' had *37* active misdemeanor cases pending on its docket and * * * Section 'C' had *73* active misdemeanor cases on its docket.

" * * * in April of 1956 when this case was transferred from Section 'C' to Section 'A', 'to expedite the business of the Court', * * * Section 'A' had less misdemeanors on its docket than any other Section of the Criminal District Court and * * * Section 'C' had more misdemeanors on its docket than any other section of the Court, and consequently, it served to expedite the business of *the Court*

to transfer this misdemeanor case from Section 'C', which had more misdemeanors than any other Section to Section 'A', which had less misdemeanors than any other Section of the Court.

"Respectfully, while it is quite true as stated that Section 'C' could have tried this *one* case expeditiously, it nonetheless expedited the business of the Court to relieve Section 'C' 's docket of this case and transfer the case to Section 'A', particularly since it is a case that required *considerably more time to try than the average misdemeanor case.*"

■ We find no basis for defendants' complaint as they have not shown that they were unfairly tried. State v. O'Malley, 115 La. 1095, 40 So. 470. The record discloses no violation of defendants' constitutional rights. The district attorney and the judges of both Division "C" and Division "A" adhered to the procedure outlined in the above quoted provisions of the Constitution and the Rules of the Criminal District Court for the Parish of Orleans. Both judges agreed to and signed the transfer, and it must have been their opinion that the court's business was expedited by their action. This was all that was necessary. State v. Bailey, 165 La. 341, 115 So. 613, 58 A.L.R. 1. Therefore, there is no merit to the bill.

Bill of Exceptions No. 2 was reserved to the trial court's refusing defendants a new trial.

This bill raises the same issues as are presented in Bill of Exceptions No. 1 plus the allegation that the verdict is contrary to the law and the evidence.

Since we have fully discussed Bill of Exceptions No. 1, and found that it is without merit, there is no need for comment on this bill. The trial judge was correct in overruling defendants' motion for a new trial.

Bill of Exceptions No. 3 was reserved to the trial judge's overruling defendants' motion in arrest of judgment.

This bill is a repetition of Bill of Exceptions No. 2. It is therefore without merit.

For the reasons assigned the convictions and sentences are affirmed.