(125 So. 587)

No. 30071.

**STATE v. CHARLES.**

Dec. 2, 1929.

Edwin I. Mahoney, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, C. J. The defendant, appellant, was convicted, on the 12th of February, 1926, of the crime of petty larceny, alleged to have been committed on the 21st of December, 1925, and was sentenced to imprisonment in the penitentiary for a term not less than 21 nor more than 24 months. He was convicted, in the same court, on the 19th of March, 1929, of the crime of burglary in the nighttime with intent to steal, alleged to have been committed on the 6th of February, 1929. Before sentence was pronounced for this second offence, the district attorney filed a so-called bill of information, charging that the defendant was the same person who had been convicted on the 12th of February, 1926, of petty larceny, of property of the value of $32.60, and that he was therefore subject to the penalty of imprisonment for a term not less than the longest term nor more than twice the longest term prescribed for a first conviction of the crime of burglary, as provided by the Act 15 of 1928, p. 18. Counsel for the defendant filed a motion to quash the so-called bill of information, accusing him of

[1] Ante, p. 537.   [2] Ante, p. 541.

being a second offender, and filed several demurrers, pleading that the Act No. 15 of 1928 was unconstitutional, for the same reasons that were urged in the case of State v. William Guidry (No. 30,051), 124 So. 832,[1] and that were since decided contrary to the pleader's contentions in that case. The motion to quash and the demurrers were overruled by the trial judge in this case; and, after trial of the question of identity of the defendant, the judge decided that he was the same person who was convicted on the 18th of February, 1928, of the crime of larceny of property of the value of $32.60, and sentenced him, under authority of the Act No. 15 of 1928, to imprisonment in the penitentiary for a term not less than 10 nor more than 15 years. Before the sentence was pronounced, the defendant's counsel filed a motion in arrest of judgment, repeating his pleas of unconstitutionality of the Act No. 15 of 1928, which motion was also overruled. He has appealed from the judgment and sentence.

The Act No. 15 of 1928, in the second paragraph of section 1, provides that, when a person is convicted of having committed a felony after having been previously convicted of a felony, he must be sentenced to imprisonment for a term not less than the longest term nor more than twice the longest term prescribed for a first conviction—meaning, of course, for a first conviction of the second felony of which he is convicted. The maximum term of imprisonment imposed upon the defendant in this case is within the limits prescribed by the Act No. 15 of 1928.

Every question presented for decision in this case was decided contrary to the appellant's contentions in the case of State v. Guidry (No. 30051) 124 So. 832,[1] decided on the 4th of November, 1929, and not yet officially reported. There are only two features in which this case is different from the Guidry Case, viz.: First, Guidry had commenced serving a sentence for the second crime which he had committed, when he was brought back into court and resentenced, under the provisions of the Act No. 15 of 1928; whereas the defendant, Charles, was not sentenced for the second crime until the district attorney invoked the Act No. 15 of 1928; and, second, the question of identity in the Guidry Case was tried and decided by a jury of five; whereas the question of identity of the defendant, Charles, as being the same person who had been convicted of a previous crime, was tried by the judge alone; which is the proper method of trial of the question of identity, as prescribed in section 3 of Act No. 15 of 1928, p. 19.

On the authority of the decision rendered in State v. Guidry (No. 30051) 124 So. 832,[1] on the 4th of November, 1929, the judgment and sentence in this case are affirmed.

**(125 So. 588)**