PONDER, Justice.
 

 This is an appeal from a judgment overruling a motion to correct a sentence.
 

 The defendant was arraigned on an information charging him with being a third offender and upon his pleading guilty to the charge was sentenced on March 20, 1934, to serve not less'than four years nor more than eight years in the penitentiary. On May 5, 1937 the defendant, through counsel, filed a motion to correct the sentence heretofore imposed, for the reason that the mover cannot be sentenced as a triple or third offender under Act No. 15 of the General Assembly of 1928, unless and until he had been previously sentenced as a second offender. The motion was tried and overruled on May 18, 1937, by the lower court, to which ruling the defendant reserved a bill of exception. The defendant was granted a suspensive appeal to this court.
 

 The defendant’s counsel contends that the defendant could not be sentenced as a third offender because he had not been previously sentenced as. a second offender under Act No. 15 of 1928, citing State v. Bailey, 165 La. 341, 115 So. 613, 58 A.L.R. 1, and State v. Kierson, 140 La. 31, 72 So. 799.
 

 Upon examination of the cases of State v. Bailey, supra, and State v. Kierson, supra, we find that these cases were decided prior to the passage of Act No. 15 of 1928, and consequently are not applicable to the instant case.
 

 In the case of State v. Hardy, 174 La. 458, 141 So. 27, 28, wherein the defendant was charged as a third offender, this court held that the two prior- convictions of felonies must stand intact as first and second offenses and that the third conviction of the defendant for a felony is a proper and legal basis for the imposition of the sentence as a third offender. In that case as in the instant case the defend
 
 *609
 
 ant had never been sentenced as a second offender.
 

 In the case of State v. Hardy, supra, this, court said:
 

 “There is no double jeopardy in this case. As said in Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 585, 56 L.Ed. 917: ‘The propriety of inflicting severer punishment upon old offenders has long'been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.’
 

 “Again it is said in McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 390, 45 L.Ed. 542:
 

 “ ‘The fundamental mistake of the plaintiff in error in his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished. * * *
 

 “ ‘But it does no such thing. * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal.’
 

 “See, also, State v. Peace, 163 La. [121] 124, 111 So. 621; State v. Guidry, 169 La. [215] 218, 222, 223, 124 So. 832.”
 

 Act No. 15 of 1928 § 2 provides:
 

 “A person, to be punishable under this and the preceding section, need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.”
 

 Defendant’s counsel contends that the sentence is illegal for the reason that the offenses charged in the bill of information occurred prior to the passage of Act No. 15 of 1928. This has reference not to the charge under which the defendant was sentenced herein but to the two offenses alleged in the bill of information to have been committed prior to the offense charged herein. In the cases of State v. Hardy, supra, and State v. Charles, 169 La. 543, 125 So. 587, the previous offenses alleged to have been committed were on dates prior to the passage of Act No. 15 of 1928. In each of these cases this court upheld the sentences under the provisions of Act No. 15 of 1928. In each of these cases the case of State v. Guidry, 169 La. 215, 124 So. 832, 836, was cited.
 

 In the case of State v. Guidry, supra, wherein the defendant was sentenced as a second offender, this court stated:
 

 “The statute was passed and took effect prior to the second conviction of defendant, and, as we have heretofore said, it provides for an increased or heavier punishment for this second offense.
 

 “It does not impose any additional punishment for a first offense or an offense committed prior to its enactment.
 

 “Judge Cooley, in his work on Constitutional Limitations (7th Ed.) 382, says:
 

 “‘And a law is not objectionable as ex post facto which, in providing for the punishment of future offenses, authorizes the offender’s conduct in the past to be
 
 *611
 
 taken into account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case, it is the second or subsequent offense, that is punished, not the first.’ McDonald v. Mass., 180 U.S. page 311, 21 S.Ct. 389, 45 L.Ed. 542; State of Iowa ex rel. Gregory v. Jones, Warden (D.C.) 128 F. 626; Com. v. Graves, 155 Mass. 163, 29 N.E. page 579, 16 L.R.A. 256. See, also, In re Allen, 91 Ohio St. 315, 110 N.E. 535, 537; Blackburn v. State, 50 Ohio St. 428, 36 N.E. 18.”
 

 The sentence herein does not impose any additional punishment for prior offenses. It is the third offense that is punished. There is no sentence imposed herein for any offense committed prior to the enactment of Act No. 15 of 1928.
 

 Since the enactment of Act No. 15 of 1928 a^person who commits a felony cannot complain at the infliction of a more severe punishment for a second, third, or fourth offense because he is aware at the time he commits the felony that the law provides for such punishment. Therefore it cannot be said that the defendant is taken by surprise or that any undue advantage is taken of him.
 

 For the reasons assigned, the judgment and sentence are affirmed.
 

 HIGGINS, J., absent.