(No. 28305.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HANKE, Plaintiff in Error.

*Opinion filed March 21, 1945.*

WILLIAM HANKE, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

By an indictment returned by the grand jury of Cook county, plaintiff in error was charged with the crimes of burglary and larceny. He entered a plea of not guilty and

waived trial by jury. The cause was tried before the court without the intervention of a jury. The fourth count of the indictment charged plaintiff in error with the crime of larceny. It was further charged in that count that in November, 1940, plaintiff in error was convicted of the crime of rape and sentenced to the penitentiary for the term of one year, which he had served. The trial judge found him guilty of larceny. He found the value of the property stolen to be $185, and further found that the defendant was a habitual criminal, because of his prior conviction for rape. Plaintiff in error was sentenced to the penitentiary for the definite term of ten years, that being the maximum term for larceny, in accordance with the Habitual Criminal Act. (Ill. Rev. Stat. 1943, chap. 38, par. 602.) To review that judgment, defendant has brought the record to this court by writ of error. The case is presented here on the common-law record only.

Defendant's first contention is that it was error to sentence him as a habitual criminal because the crime of rape was not included in the Habitual Criminal Act at the time of his prior conviction. The Habitual Criminal Act was amended in 1941. As amended, the crimes of rape ·and kidnapping were added to the offenses included within that act. He contends that he was entitled to be sentenced on his conviction for grand larceny to an indeterminate sentence of from one to ten years, for the reason that his prior offense was not included in the Habitual Criminal Act at the time of his former conviction. The crime of rape having been included in the Habitual Criminal Act by the amendment of 1941, after his former conviction, he argues that the amendment operates *ex post facto* and had the effect of increasing the penalty for the offense of grand larceny, of which he was convicted in this case.

In support of this contention, defendant cites a number of cases which state the law generally in regard to the operation of *ex post facto* laws. These cases, however,

are not in point. The Habitual Criminal Act does not create a new or independent crime. It merely prescribes the circumstances under which one found guilty of a specific crime may be more severely punished because of a previous conviction. The punishment is for the new crime only. The penalty is made heavier because the defendant is a habitual criminal. The prior conviction is not an ingredient of the subsequent offense. It is merely a matter of aggravation, which affects only the punishment to be imposed for that offense. *People* v. *Atkinson,* 376 Ill. 623.

A statute increasing the punishment for a subsequent offense is not an *ex post facto* law merely because the prior conviction occurred before the statute was enacted or became effective. (*Ex parte Rosencrantz,* 205 Cal. 534, 271 Pac. 902; *State* v. *Guidry,* 169 La. 215, 124 So. 832; *State* v. *Charles,* 169 La. 543, 125 So. 587; *People* v. *Palm,* 245 Mich. 376, 223 N. W. 67; *State* v. *Zywicki,* 175 Minn. 508, 221 N. W. 900; *State* v. *Smith,* 128 Ore. 515, 273 Pac. 323.) In Cooley on Constitutional Limitations (8th ed.) p. 553, the rule is stated as follows: "Heavier penalties are often provided by law for a second or subsequent offense than for the first, and it has not been deemed objectionable that in providing for the heavier penalty, the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first."

Here, the inclusion of the crime of rape in the Habitual Criminal Act, by the 1941 amendment, as one of the crimes the conviction of which would operate to increase the penalty to be imposed upon a subsequent conviction, does not operate *ex post facto.* Its only effect is to increase the punishment for a subsequent conviction of any of the crimes enumerated in said act.

The second contention of plaintiff in error is that the Habitual Criminal Act is unconstitutional because the crimes

of rape and kidnapping were included therein by the 1941 amendment. It is argued that the punishment fixed by statute for the crimes of rape and kidnapping is not under the indeterminate sentence act, but for fixed terms. For that reason it is urged that the inclusion of those crimes in the Habitual Criminal Act rendered said act uncertain as to the penalty to be imposed where one who had been previously convicted is thereafter convicted of rape or kidnapping. It is unnecessary to consider this objection for the reason that plaintiff in error was not convicted of either rape or kidnapping. He was convicted of larceny. The question of what penalty would be imposed under the Habitual Criminal Act upon one convicted of rape or kidnapping, who had been previously convicted of some offense enumerated in that act, does not concern plaintiff in error. He is not in a position to raise those questions because they do not affect him.

The next contention is that the Habitual Criminal Act is unconstitutional because it is not mandatory in its operation. It is argued that even though a defendant has been previously convicted, it is within the discretion of the grand jury or the State's Attorney whether such prior conviction shall be alleged in the indictment. It is further argued that, even though the prior conviction is alleged in the indictment, the State's Attorney may waive the charge of being a habitual criminal, and that this renders the act discriminatory and places in the State's Attorney the power to either charge or waive the prior conviction. As to this contention, the identical question was raised in *People* v. *Mock Don Yuen*, 67 Cal. App. 597, 227 Pac. 948. In that case the court said: "The contention is so patently untenable as to merit no further discussion." We agree with that disposition of the question under consideration.

Plaintiff in error further contends that the Habitual Criminal Act is invalid because it is indefinite in other respects. This contention is based on the fact that the act

includes the offense of counterfeiting, and there are several different offenses of counterfeiting defined in the Criminal Code. This, too, is a matter which does not concern plaintiff in error. He was not convicted of any offense of counterfeiting and is not concerned with any penalty which might be imposed upon one convicted of any such offense. Nevertheless, the crime of counterfeiting is only included in the Habitual Criminal Act where the particular·act of counterfeiting charged is punishable by imprisonment in the penitentiary. The argument on this point cannot be sustained.

The final contention is that the Habitual Criminal Act is unconstitutional because it provides that for the third conviction of any of the crimes therein enumerated the punishment shall be imprisonment in the penitentiary for a period of not less than fifteen years. The argument is that there being no maximum punishment fixed for a third conviction, the act is so indefinite as to render it invalid. In making this argument, plaintiff in error is again confronted with the proposition that he was not convicted under that provision of the Habitual Criminal Act. This was not his third conviction. He is, therefore, not concerned with what punishment might be imposed for a third conviction, as that question does not concern him in any way, or affect the punishment imposed upon him. He is not in a position to raise that question. *People* v. *Mikula,* 357 Ill. 481.

A careful examination of the record and of all the points raised discloses that there is no error in the record.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*