(No. 29786.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH TURNER, Plaintiff in Error.

*Opinion filed January 22, 1947.*

KENNETH TURNER, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, JOSEPH A. POPE, MELVIN S.

REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

, Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error to the Criminal Court of Cook county, plaintiff in error, appearing *pro se,* presents his common-law record and complains of the sentence imposed upon his plea of guilty to an indictment of two counts. The first count charged robbery of money from the person. The second count. charged that he had previously been convicted of the larceny of an automobile. He pleaded guilty to both counts. He was sentenced to the penitentiary for the term of ten years as a habitual criminal.

The sole error assigned is that the trial court erred in sentencing him under the Habitual Criminal Act. His contention, in support of this assignment of error, is that at the time he was convicted of the crime of larceny of a motor vehicle, in June, 1934, that crime was not included within the purview of the Habitual Criminal Act, therefore the 1941 amendment, which included the larceny of a motor vehicle, was an *ex post facto* application of the Habitual Criminal Act and that he was immune from prosecution, based upon the crime of larceny of a motor vehicle, and his situation could not be altered to his disadvantage by subsequent legislation, nor could such legislation aggravate an offense previously committed.

The precise question has been before this court in several cases and in each case plaintiff in error's contention has been decided against him. In *People* v. *Atkinson,* 376 Ill. 623, *People* v. *Hanke,* 389 Ill. 602, and *People* v. *Lawrence,* 390 Ill. 499, it was held that the Habitual Criminal Act does not create a new or independent crime, but merely prescribes the circumstances under which one found guilty of a specific crime may be more severely punished because of a previous conviction. The punishment is for the new

crime only. The penalty is made heavier because the person convicted is a habitual criminal. The prior conviction is not an ingredient of the subsequent offense, but is merely a matter of aggravation which affects only the punishment to be imposed. A statute increasing the punishment for a subsequent offense is not an *ex post facto* law merely because the prior conviction occurred before the statute was enacted or became effective. This question was decided in like manner in *Ex parte Rosencrans,* 205 Cal. 534, 271 Pac. 902; *State v. Guidry,* 169 La. 215, 124 So. 832; *State v. Charles,* 169 La. 543, 125 So. 587; *People v. Palm,* 245 Mich. 376, 223 N.W. 67; *State v. Zywicki,* 175 Minn. 508, 221 N.W. 900, and *State v. Smith,* 128 Ore, 515, 273 Pac. 323. See, also, Cooley on Const. Limitations, 8th ed. p. 553.

Plaintiff in error earnestly urges that *People v. Scholler,* No. 29627, (unreported), is a case on all fours with the instant case and is controlling here, and that in that case the People entered a confession of error, upon which this court reversed and remanded for a proper sentence. No confession of error has been filed in the instant case.

Plaintiff in error insists that the *Scholler case* overrules *People v. Hanke,* 389 Ill. 602, and that the rule as laid down therein is no longer applicable. He also insists that this court should take notice of the ruling in the *Scholler case* and apply it to the one under consideration, and, in order to conform with article II, section 19, of the Illinois constitution, providing for right and justice freely and without being obliged to purchase it, completely and without denial, promptly and without delay, he should be accorded the remedy he seeks.

In the *Scholler case* the People confessed error in the sentence. This court remanded the cause for proper sentence but did not disturb the judgment of guilty under the Habitual Criminal Act.

The usual practice, where error is confessed in such a case, is to remand for proper proceedings to correct the error without comment. (*Zancannilli* v. *People*, 63 Colo. 252, 165 Pac. 612.) Where the Attorney General has confessed error as to one defendant the case will be reversed as to him. *Rush* v. *State*, 220 Okla. Cr. 126, 210 Pac. 316.

Plaintiff in error pleaded guilty to the count charging he was a habitual criminal. The trial court sentenced him to a term of confinement in conformity with the Habitual Criminal Act.

Finding no error in the record, the judgment of the criminal court is affirmed.

*Judgment affirmed.*