363 So.2d 656 (1978)
STATE of Louisiana
v.
John Nelson BENOIT.
No. 62231.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
Bertrand DeBlanc, Lafayette, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-respondent.
SANDERS, Chief Justice.
The State charged the defendant, John Nelson Benoit, with driving while intoxicated (DWI), fourth offense, a violation of LSA-R.S. 14:98(E), relying upon three previous second offense convictions. The defendant pled guilty, and the court sentenced him to ten years imprisonment.
The defendant filed a petition to correct the sentence; the district court denied it. We granted defendant's application to review this ruling. La., 359 So.2d 210 (1978).
The issue is as follows: can the defendant thrice convicted of DWI, second offense, be convicted of DWI, fourth offense? The defense argues that to be convicted of DWI, fourth offense, one must have been convicted of DWI, third offense, DWI, second offense, and DWI; thus, without a conviction of DWI, third offense, the court improperly imposed a sentence for a fourth offense.
The resolution of this issue depends entirely on the construction of LSA-R.S. 14:98(E), specifically, the term "fourth conviction." LSA-R.S. 14:98 provides:

*657 "A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"C. On a second conviction, the offender shall be fined no less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
"D. On a third conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder." [Emphasis supplied.]
LSA-R.S. 14:3 governs our interpretation. It states, in pertinent part:
". . . [I]n order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." [Emphasis supplied.]
See State v. Booth, La., 347 So.2d 241 (1977); State v. Newton, La., 328 So.2d 110 (1976).
Under this canon of interpretation, we find that the term "fourth conviction" means four DWI convictions. It is unnecessary that these convictions be consecutively numbered in graduating degrees of seriousness. The phrase "fourth conviction" is unqualified. The Legislature did not impose the requirement that the convictions be successively numbered. It is the number of convictions that is critical and not their numerical progression. Applying this interpretation to the instant facts, we hold that the court properly sentenced the defendant as a fourth offender although he has never been adjudicated a third offender, since he had four DWI convictions.
Our construction furthers the legislative intent embodied in the general multiple offender statute, LSA-R.S. 15:529.1(B), which provides:
"B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime."
Moreover, this Court has held that, in prosecutions under an enhanced penalty statute which is silent on the issue, the previous convictions do not have to be in numerical sequence. Thus, a defendant was correctly adjudicated a fourth offender without having been adjudicated a third offender (State v. Williams, 226 La. 862, 77 So.2d 515 (1955)), and a defendant was correctly adjudicated a third offender without having been adjudicated a second offender (State v. Clague, 224 La. 27, 68 So.2d 746 (1953)). See also State v. Cass, 188 La. 606, 177 So. 682 (1937).
We conclude that LSA-R.S. 14:98(E) requires only that the defendant have three prior DWI convictions to be adjudicated a fourth offender.
For the reasons assigned, the ruling of the district court is affirmed.
*658 DIXON, Justice (ascribes additional concurring reasons).
I fully subscribe to the majority opinion. State v. Neal, 347 So.2d 1139 (La.1977), involved a different problem: whether a defendant could be convicted of second offense DWI when the second offense occurred after the arrest but before the conviction for the first offense.
TATE, Justice, dissenting.
In State v. Neal, 347 So.2d 1139, 1142 (La.1977), an equivalent issue arose as to the construction of the DWI statute, La. R.S. 14:98 now espoused by the majority opinion in the present case. We there rejected arguments similar to those now relied upon by the present majority.
In Neal, we concluded: "In our opinion, our lawmakers did not intend that individuals be subjected to enhanced punishment, including to the penitentiary, when at the time the offense was committed the offender was subject only to fine or minor imprisonment. Consonant with the general purpose of enhanced punishment statutes, the most reasonable legislative intent to ascribe to the more serious punishment accorded for a subsequent `conviction' by La.R.S. 14:98 is that, if following conviction of the offense, the offender repeats the prohibited conduct, he is then subject to enhanced penalty * * *."
We ourselves have followed this interpretation when other repeater statutes have been at issue, despite the lack of specific statutory language so providing. See, e. g., State v. Sharp, 156 La. 531, 100 So. 707 (1924) and State v. Kierson, 140 La. 31, 72 So. 799 (1916).
Accordingly, I respectfully dissent.