846 So.2d 67 (2003)
STATE of Louisiana
v.
Hung T. VU.
No. 02-KA-1243.
Court of Appeal of Louisiana, Fifth Circuit.
April 8, 2003.
*68 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea S. Long, Richard P. Pickens, II, Assistant District Attorneys, Gretna, LA, for the State.
Jane L. Beebe, Gretna, LA, for defendant-appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Defendant appeals his adjudication and sentence as a fourth felony offender. For the following reasons, we vacate the sentence and remand for further proceedings.

*69 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

On March 6, 2001, defendant, Hung T. Vu, was charged in a bill of information with the November 30, 2000 operation of a motor vehicle while intoxicated in violation of La. R.S. 14:98(E). This was his fourth such offense. Defendant pled not guilty. Thereafter, he filed a motion to quash the bill of information. In the motion, defendant alleged that the predicate guilty pleas were not knowingly and voluntarily made because he was not aware that the three offenses which were three "first offenses" could be used as a first, second and third offense for the enhancement of the current DWI charge. He also alleged that, in pleading to a third offense DWI, he was not advised of his right to a jury trial and the pleas were made on the same day and therefore should count as one offense for enhancement purposes.
The bill of information specifies three predicate offenses:
Predicate No. 1:
A guilty plea entered on February 16, 2000, under Docket Number S66878, in Division B, Second Parish Court for Jefferson Parish, for an offense that occurred on January 27, 1998.
Predicate No. 2:
A guilty plea entered on February 16, 2000, under Docket Number S665530, in Division B, Second Parish Court, for Jefferson Parish, for an offense that occurred on February 2, 1998.
Predicate No. 3:
A guilty plea entered on February 16, 2000, under Docket Number S724364, in Division B, Second Parish Court, for Jefferson Parish, for an offense that occurred August 1, 1999.
The State offered State's Exhibit No. 1, which contained the following. In support of the Predicate No. 1 (i.e., Doc. No. 668783), the State offered certified copies of the minute entry of the charges for DWI, first offense, and reckless operation; a copy of the citation; evidence of completion of community service work; a waiver of rights form and a minute entry of the guilty plea and sentence. In support of the Predicate No. 2 (i.e., Doc. No. 665530), the State offered certified copies of the minute entry of the charge for DWI, first offense, and failure to maintain control; a copy of the citation, evidence of completion of community service work and driver's education, a waiver of rights form and a minute entry of the guilty plea and sentence. In support of the Predicate No. 3 (i.e., Doc. No. 724364), the State offered certified copies of the minute entry of the charges for DWI, first offense, reckless operation, driving with a suspended license and failure to wear a seatbelt; a copy of the citation; evidence of completion of community service work; a waiver of rights form and a minute entry of the guilty plea and sentence. State's Exhibit No. 1, offered in support of the predicate convictions, also contained a copy of the transcript of the defendant's guilty plea proceedings taken on February 16, 2000, in Second Parish Court for the Parish of Jefferson.
A review of the colloquy contained in the transcript for the three predicate guilty pleas reveals that the trial judge advised the defendant that he was pleading guilty to "three first offense" DWIs. This fact was thereafter verified by the State. The judge read the charges for each of the three cases to the defendant. The defendant, upon being questioned by the court, indicated that his attorney had reviewed with him the penalties for "first offense" DWI and also the enhanced penalties for subsequent offenses. The trial *70 judge explained the elements of the offense of driving while intoxicated. He also informed the defendant of his relinquished rights pursuant to his pleading guilty, which included a "bench trial." The defendant was told the minimum (ten days and $300 fine) and maximum (six months and $1,000 fine) penalties. The judge further explained that the plea could be used against him "as a second, third or greater offense." Mr. Vu was also informed that the State could utilize offenses as far back as ten years for enhancement purposes and it would not matter if the other offenses occurred before or after any other offense. The trial judge also informed the defendant of the minimum and maximum sentencing exposure for a second offense, third offense and fourth offense. The judge advised the defendant that the State would reduce and dismiss all other charges. The judge questioned the defendant concerning the voluntary nature of the pleas and accepted the guilty pleas as knowing and voluntary. After defendant indicated he was ready for sentencing, the trial judge sentenced the defendant and imposed the following three consecutive sentences.
On Predicate No. 1, (Doc. No. 668785) defendant was sentenced to six months in parish prison, which sentence was suspended and he was placed on one year of active probation. He was also ordered to pay a $700 fine, court costs and to perform 50 hours of community service work. On Predicate No. 2, (Doc. No. 665530) defendant was also sentenced to six months in parish prison, which sentence was suspended and he was placed on one year of active probation. He was also ordered to pay a $400 fine and court costs. Additionally, he was ordered to perform 32 hours of community service work, attend a substance abuse program and driver's education program. On Predicate No. 3, (Doc. No. 724364) defendant was also sentenced to six months in parish prison, which sentence was suspended and he was placed on one year of active probation. Additionally, he was ordered to pay a $700 fine, court costs, and to perform 50 hours of community service work.
In September, 2001, the defendant filed a "Motion to Invoke the New Sentencing Provisions Set forth in Act 1163." The State filed a "Memorandum in Support of Applying the Sentencing Law in effect at the Time of the Offense." Following a hearing and taking the matter under advisement, the trial judge denied the motion and advised him that he would be sentenced pursuant to La. R.S. 14:98, prior to its amendment by 2001 La. Acts No. 1163. Defendant objected to the ruling, sought supervisory writs and a stay of the proceedings. On November 2, 2001, this Court denied the writ application. On November 6, 2001, the date set for trial, the defendant entered a plea of guilty as charged to DWI, fourth offense, under State v. Crosby, 338 So.2d 584 (La.1976). His plea conformed with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant reserved the right to appeal the pre-trial rulings on the Motion to Quash and the application of 2001 La. Acts 1163 to his sentencing.
The defendant waived sentencing delays and was sentenced to ten years of imprisonment at hard labor with credit for time served. Five years of the sentence was suspended and the defendant was placed on five years of active probation. Two years of the sentence was ordered to be served without benefit of parole, probation or suspension of sentence. As a condition of probation, defendant was ordered to complete an in-patient treatment program upon his release from prison. He was also prohibited from driving during his probationary period and was ordered to pay a $5,000 fine and court costs.
*71 Defendant filed a motion for appeal, a motion to reconsider sentence and a motion to correct sentence. The sentencing motions were denied. Defendant now appeals his conviction and sentence.

DISCUSSION
Defendant contends that the trial court erred in failing to grant the motion to quash because the predicate pleas used to enhance his current DWI conviction were not knowing and voluntary. He alleges that he pleaded guilty to three "first-offense" DWIs with all pleas being entered on the same day. He argues that the present charge should be a second offense or at most a third offense. He reasons that one of the three charges was a third offense, which is a felony, and he was not advised of his right to a trial by jury during the guilty plea proceedings. The State argues that defendant was incorrect because it is the number of prior convictions (not the sequence thereof) which determines their use for enhancement purposes and that defendant was not entitled to a jury trial. Moreover, the charges were under separate case numbers and were not consolidated for trial purposes.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Because a plea of guilty waives these fundamental rights of the accused, due process requires that the plea be voluntary and intelligent waiver of known rights in order to be valid. State v. Galliano, 396 So.2d 1288, 1290 (La.1981). Thus, the record of the plea must show that the defendant was informed of these three fundamental rights and knowingly and voluntarily waived the same. State v. Gardette, 00-38, p. 5 (La.App. 5 Cir. 5/17/00), 760 So.2d 1262, 1264 (citing State v. Galliano, supra).
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives these three enumerated federal constitutional rights. The trial judge must insure that the accused has a full understanding of what the plea connotes and of its consequences. State v. Guzman, 99-1528, p. 9 (La.5/16/00), 769 So.2d 1158, 1162, n. 1. While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688, 690 (La.1981); State v. Gardette, 760 So.2d at 1264-1265.
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases and the burden is on the defendant to show the prior plea is constitutionally deficient. State v. Carlos, 98-1366, p. 2 (La.7/7/99), 738 So.2d 556, 559. See also, Lackawanna County D.A. v. Coss, 532 U.S. 394, 403, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001) (presumption of regularity of final judgments).
The Louisiana Supreme Court, in State v. Carlos, supra, found that the burden shifting principles set forth in State v. Shelton, 621 So.2d 769 (La.1993) applied to the recidivist portion of the DWI statute. LSA-R.S. 14:98. Thus, under Carlos, when a defendant collaterally attacks a prior DWI guilty plea by a motion to quash, the State bears the initial burden of submitting sufficient evidence of the existence of the prior guilty plea and that the *72 plea was counseled. State v. Carlos, 738 So.2d at 556, 559. If the State meets this burden, the defendant must then produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. State v. Carlos, supra. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State to prove the constitutionality of the plea. Id.
At the hearing on the Motion to Quash, the State offered State's Exhibit No. 1 in globo, which contained a "perfect transcript"[1] of the guilty plea proceeding for the three predicate offenses, as well as "pen-packs" for each offense. Thus, the State satisfied the initial burden under Carlos of showing the existence of the three guilty pleas and that the pleas were counseled. It also satisfied the burden of proving the constitutionality of the pleas. After the State satisfied its initial burden, the defendant failed to carry his burden under Carlos to affirmatively show an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant first alleged the pleas were not knowing and voluntary, because he entered pleas to three "first offense" DWIs, on the same day, such that the guilty pleas should only be considered one offense for enhancement purposes. This argument is without merit.
In State v. Woods, 402 So.2d 680, 682 (La.1981), the defendant was originally charged with DWI, fourth offense and went to trial for DWI, third offense after the charges were reduced. The two predicate convictions resulted from two guilty pleas entered the same day and defendant argued that the two convictions should be treated as one conviction for enhancement purposes, such that the present DWI, third offense should be reduced to DWI, second offense. The Louisiana Supreme Court rejected the argument and considered the language of the DWI statute, particularly LSA-R.S. 14:98 D, which at the time provided as follows:
On a third conviction, regardless of whether the third offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars.
Based upon this statutory language, which is essentially the same in the present case, the Louisiana Supreme Court concluded the following:
This language evidences a clear intent by the Legislature that all prior DWI convictions be considered in determining the applicable penalty, and further shows an intent to distinguish these enhancement proceedings from other multiple offender prosecutions. We conclude that the above language is clear and that it is the number of prior convictions, not their sequence, which determines the appropriate designation of a subsequent offense.
State v. Woods, 402 So.2d at 683 (emphasis added). See also, State v. Gardette, supra; State v. Conner, 02-363, p. 19, n. 7 (La. App. 5 Cir. 11/13/02), 833 So.2d 396.
Likewise, in the present case, the number of offenses, not the sequence, is determinative of the appropriate designation of the subsequent offense. In this case, since defendant had three prior DWI offenses, the current offense is appropriately designated DWI, fourth offense. Additionally, where the offenses occurred on three different dates, it is of no moment *73 that the predicate convictions occurred on the same date nor does a defendant need to first be adjudicated a first, second, or third offender in order to be found to be a fourth offender. In State v. Benoit, 363 So.2d 656 (La.1978), the defendant was charged with DWI, fourth offense. For enhancement the State relied upon three "second offense" DWIs. Defendant argued that he had not been adjudicated a first, second and third DWI offender. The Louisiana Supreme Court stated the following:
... we find that the term `fourth conviction' (in LSA-R.S. 14:98 E) means four DWI convictions. It is unnecessary that these convictions be consecutively numbered in graduating degrees of seriousness. The phrase `fourth conviction' is unqualified. The Legislature did not impose the requirement that the convictions be successively numbered. It is the number of convictions that is critical and not their numerical progression. Applying this interpretation to the instant facts, we hold that the court properly sentenced the defendant as a fourth offender, although he was never adjudicated a third offender, since he had four DWI convictions.
State v. Benoit, 363 So.2d at 657 (emphasis added).
As such, the fact that the predicate offenses in the present case had been previously designated "first offense" did not preclude the current adjudication for DWI, fourth offense. Under these circumstances, defendant's predicate guilty pleas were not constitutionally infirm because the three "first offense" convictions entered on the same day were used to enhance the current conviction to DWI, fourth offense. Additionally, the transcript of the predicate guilty pleas clearly indicates that the defendant was advised of the possibility of enhancement, wherein the pleas could be used against him "as a second, third, or greater offense." He was also informed that the State could utilize offenses as far back as ten years for enhancement purposes, and it would not matter if the other offenses occurred before or after any other offense. Further, defendant was advised of enhanced penalties for subsequent offenses. While this advice may facilitate the taking of a voluntary guilty plea, it has never formed part of the core Boykin rights required for the entry of a presumptively valid guilty plea. State v. Guzman, 99-1158, pp. 16-17 (La.5/16/00), 769 So.2d 1158, 1164 (citing State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517). Thus, we find the pleas were knowingly and voluntarily entered.
Defendant next argues that the predicate guilty pleas are constitutionally infirm, because he was not advised of his "right to a trial by jury." Defendant's argument is based upon the supposition that the three predicate convictions were graduated in severity (i.e., first, second, third) and a third offense DWI is a felony, thus requiring a jury trial. Defendant was not advised of his right to trial by jury. He was, however, advised of his right to a bench trial, which is all that is required.
The Louisiana Constitution, Article I, § 17 provides for jury trials in certain cases. In a case in which the punishment is more than six months of confinement, with or without hard labor, defendant is entitled to a jury trial. La.C.Cr.P. art. 779(A) provides that a jury trial is required when a defendant is charged with an offense whose statutory punishment exceeds $1,000 or six months of imprisonment. While at the time of the commission of the predicate offenses a third offense DWI carried a penalty exposure that qualified for a jury (i.e., one to five years, with or without hard labor), the record indicates defendant was never charged with DWI, third offense nor did *74 he plead to such an offense. The charges were not graduated in severity (i.e., first, second, third). Rather, defendant was charged with and pled guilty to three "first offense" DWI. At the time of these predicate offenses, a first offense under La. R.S. 14:98(B) carried a penalty of ten days to six months imprisonment and a discretionary fine of $300 to $1,000. As such, the pleas were entered to three misdemeanor offenses, none of which individually required a jury trial.
We note that the three misdemeanor predicate charges were not consolidated for trial. Thus, the penalties need not be aggregated for purposes of determining the necessity of a jury trial. In those instances when more than one misdemeanor offense is charged by separate bills of information, but are consolidated for trial, the aggregate possible punishments are determinative of whether the defendant is entitled to a jury trial. State v. Hornung, 620 So.2d 816, 817 (La.1993).
In this case defendant was charged by three separate citations, each case had a different docket number, separate minute entries and separate waiver forms were executed for each. Although there was one colloquy, defendant requested that there be one plea colloquy for the three offenses. It does not appear there was any intent by the State or the defendant to consolidate the three cases. As such, standing alone, none of the misdemeanor offenses to which defendant pled guilty carried a fine in excess of $1,000 or imprisonment in excess of six months. Accordingly, defendant was not entitled to a jury trial under the facts of this case. State v. Stewart, 02-196, pp. 6-7 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, 1279. Since defendant was not entitled to a jury trial, the trial judge correctly informed him during the colloquy that he was entitled to a "judge trial" and the predicate guilty pleas were not defective for enhancement purposes. This assignment of error is without merit.
Defendant next argues that the trial court erred in failing to apply the amended sentencing provisions and in later denying the motion to correct the sentence. He asserts that the trial court erred in sentencing him under La. R.S. 14:98, as it existed prior to its amendment by 2001 La. Acts 1163. He relies upon State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. The State acknowledges that the defendant is entitled to the ameliorative effects afforded by this amendment. The record reveals that, prior to his conviction and sentence as a DWI fourth offender, defendant filed a sentencing motion entitled "Motion To Invoke New Sentencing Provisions Set forth in Act 1163." The State filed an opposing motion wherein it sought a ruling that the defendant would be sentenced according to the law in effect at the time the offense was committed (i.e., prior to amendment of La. R.S. 14:98, by 2001 La. Acts 1163). The matter was heard and the trial judge denied the defendant's motion, ruling that the defendant would be sentenced without the benefit of 2001 La. Acts 1163.
Following acceptance of the defendant's guilty plea which reserved the right to appeal the current ruling, defendant was given a negotiated sentence predicated upon LSA-R.S. 14:98, prior to its amendment by 2001 La. Acts 1163. Defendant was sentenced to imprisonment for a period of ten years, five years of the sentence was suspended, and the defendant was placed on five years of active probation. He was given credit for time served. Of the five years of imprisonment, two years was ordered to be served without benefit of parole, probation or suspension of sentence. As conditions of probation, defendant was ordered to complete an in-patient *75 alcohol treatment program upon his release from prison. He was prohibited from driving during the probationary period. He was also ordered to pay a $5,000 fine and court costs. Nine months after sentencing, defendant filed the motion to correct the sentence and relief was denied. The trial court denied him relief. We find this denial was erroneous.
During the 2001 Regular Session of the legislature, Acts 1163 was passed and it amended La R.S. 14:98 E(1) and (3). The effective date was August 15, 2001. At the time of the commission of this offense, on November 30, 2000, the sentencing provision for DWI, fourth offense provided for imprisonment at hard labor for not less than ten nor more than 30 years and a $5,000 fine. La R.S. 14:98 E(1). It also provided for seizure and sale of the vehicle, under certain prescribed circumstances. La R.S. 14:98 E(2). At least two years of the sentence was to be imposed without benefits. If any portion of the sentence was imposed with benefits, completion of a court-approved substance abuse and court-approved driver's improvement program were to be ordered. La R.S. 14:98 E(3). Further restrictions were placed on the time the sentence was subject to benefits, if the defendant had previously participated in either or both of such court-approved programs. If defendant had previously received benefits as a fourth offender, the sentence imposed was to be without benefits. Additionally, the current sentence was not to be imposed concurrently with any portion of a prior sentence. La. R.S. 14:98 E(3).
Under the amended version of the statute, the term of imprisonment and fine remained the same; however, all but 60 days of the sentence is to be suspended. The 60 days of imprisonment is to be served without benefits. Defendant is to be evaluated for substance abuse and take part in an in-patient substance abuse program. Upon completion of the program, defendant is to be confined to home incarceration for one to five years, with statutory restrictions set forth in subsection 3 of the statute. If the offender fails to complete the substance abuse treatment or violates the condition of home incarceration, he is to be imprisoned for the original term of the suspended sentence. La. R.S. 14:98 E(1). Home incarceration is to be supervised and subject to any conditions of probation. Defendant shall be ordered to obtain employment and participate in court-approved driver's program. His activities are restricted to church, work and court-ordered substance abuse meetings and driver's program. La. R.S.14:98 E(3).
Under State v. Mayeux, supra, Mayeux was arrested for DWI, fourth offense, on February 22, 2000 and pled guilty on September 27, 2001. As in the present case, defendant was sentenced according to La. R.S.14:98, prior to its amendment by 2001 La. Acts 1163. Mayeux appealed, urging that the trial court erred in failing to sentence him under the statute in effect at the time of his conviction. The Louisiana Supreme Court agreed finding that the statutory language and legislative purpose of the enactment indicated the applicable sentencing statute to be applied was the one in effect at the time of conviction, rather than at the time of the offense. State v. Mayeux, 01-3195, p. 2 (La.6/21/02), 820 So.2d 526. In Mayeux, 01-3195, at p. 7, 820 So.2d at 531, the court vacated the defendant's sentence and remanded the case for resentencing.
In the present case, the trial judge erred in refusing to apply the amended sentencing provision and in failing to grant the motion to correct sentence. The present case involved a negotiated sentence. Accordingly, we vacate defendant's sentence *76 and remand the matter, for further proceedings.

CONCLUSION
For the reasons stated herein, we vacate defendant's sentence and remand this case to the district court for further proceedings.
SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS
NOTES
[1] A "perfect transcript" reflects a voluntary, informed and articulated waiver of the three Boykin rights. State v. Shelton, supra; State v. Carlos, 738 So.2d at 559, n. 4.