889 So.2d 1202 (2004)
STATE of Louisiana, Appellee,
v.
John Willie CURRY, Appellant.
No. 39,153-KA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*1203 James E. Beal, Paula Corley Marx, Louisiana Appellate Project, for Appellant.
Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
The state originally charged John Willie Curry with fifth offense DWI ("driving while intoxicated"), but accepted his guilty plea to DWI, fourth offense, with a further agreement that the defendant would receive a ten-year hard labor sentence. Curry appeals his sentence as illegal claiming that because he had not previously been sentenced as a fourth offender and given probationary treatment at the time he committed the instant offense, he was entitled to have all but sixty days of the imposed sentence suspended. We affirm.

Facts
On the evening of August 22, 2003, Winn Parish Sheriff's Deputies Byron Curry and Danny Green received a call regarding a vehicle stopped in the middle of a highway. The two arrived at the scene and found Curry passed out in the driver's seat of the small blue car. Deputy Curry was unsuccessful in awakening Curry with verbal commands but when he attempted to feel for Curry's pulse, the driver woke up. Deputy Curry noticed a strong smell of alcohol on Curry's person and requested that the defendant exit the vehicle. As Curry did so, he grabbed the side of the vehicle to keep his balance. Curry had blood shot eyes, his speech was slurred, and he performed poorly on field tests. Deputy Curry placed Curry under arrest and transported him to the Sheriff's Office where he was given a breath test which registered .140 grams percent alcohol.

Discussion
On appeal, Curry argues that his sentence is illegal as the trial court was statutorily required to suspend all but sixty days of the sentence pursuant to La. R.S. 14:98 E(1)(a).
In pertinent part, the provisions of La. R.S. 14:98 E read as follows:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
* * *
(4)(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation or parole, and no portion of the sentence shall be imposed concurrently with the remaining *1204 balance of any sentence to be served for a prior conviction for any offense.
In this matter, Curry committed the present offense on August 22, 2003, when he had not yet pled guilty to the fourth offense DWI used by the state as one of the predicate offenses. That conviction occurred on September 15, 2003. The state did not formally charge Curry with the present offense until January 26, 2004.
Curry argues that the clear wording of Paragraph (4)(b) provides that a defendant must have been convicted of fourth offense, DWI, and then placed on probation before committing a fifth offense in order for the benefit of suspension, probation or parole to be withheld.
For the following reasons, we find no merit to this claim. As quoted above, La. R.S. 14:98 E provides the general sentencing provisions for a fourth offense DWI defendant and clearly allows sentencing for a fourth offense conviction, "regardless of whether the fourth offense occurred before or after an earlier conviction...." Additionally, there is jurisprudence dealing with whether two DWI offenses committed on separate dates and pled together constitute one or two offenses for charging purposes. Those cases hold that the noted language of the statute "evidences a clear intent by the Legislature that all prior DWI convictions be considered in determining the applicable penalty ... and that it is the number of prior convictions, not their sequence, which determines the appropriate designation of a subsequent offense." State v. Woods, 402 So.2d 680 (La.1981); State v. Vu, 02-1243 (La.App. 5th Cir.4/8/03), 846 So.2d 67, 72.
We find that the provisions of La. R.S. 14:98 E clearly contemplate the use of DWI convictions obtained after the commission of another DWI offense for enhancement purposes. The state, therefore, appropriately utilized the September 15, 2003, fourth offense DWI as a predicate offense for Curry's present conviction. By his own admission, Curry received probation for fourth offense DWI on September 15, 2003. Because he had been previously given the benefit of probation on a fourth offense DWI, the provisions of La. R.S. 14:98 E(4)(b) require that the sentence on the present offense be imposed without benefit of parole, probation or suspension of sentence. On these grounds, the ten-year sentence is not illegal and Curry's assignment of error is without merit.
Curry's conviction and sentence are affirmed.
AFFIRMED.