917 So.2d 621 (2005)
STATE of Louisiana
v.
Bruce P. NELSON.
No. 05-KA-275.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Kia M. Habisreitinger, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Gretna, Louisiana, for Plaintiff/Appellant.
Troy G. Broussard, Ann R. Baehr, Melissa H. Brink, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
In November 2002, defendant, Bruce P. Nelson, was charged with third offense operating a vehicle while intoxicated ("DWI") in violation of LSA-R.S. 14:98(D). The bill of information alleges that Nelson willfully operated a motor vehicle while intoxicated on April 20, 2002, and that he had been twice previously convicted for DWI: the first time on October 17, 1995 in Terrebonne Parish; and the second time being on August 1, 2002, also in Terrebonne Parish.
Nelson pled not guilty and filed a Motion to Quash the predicate DWI convictions on the basis that they were insufficient under Louisiana jurisprudence to enhance a subsequent offense. However, at the hearing, the motion to challenge was specifically limited to the alleged inadequacy of the 2002 conviction. Nelson argued that the conviction was invalid because the transcript of the 2002 guilty plea did not show that he was advised of the nature or elements of the crime, the sentencing range, or the possibility of future enhancement. Defense counsel told the trial judge that the plea transcript reflected that Nelson had been advised of his Boykin[1] rights "and that's it." *622 Thereafter, the trial judge granted the motion to quash. The State appeals.
On appeal, the State's primary contention is that the trial court erred in quashing Nelson's 2002 predicate DWI offense because the State met its initial burden of proof and because the transcript of the 2002 predicate showed that Nelson's guilty plea was valid.
The Louisiana Supreme Court has addressed the burden of proof in recidivist DWI proceedings.[2] In that case, it was held that, when a defendant collaterally attacks a prior DWI guilty plea by a motion to quash, the State bears the initial burden of proving the existence of a prior guilty plea and that an attorney represented the defendant during the plea. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the burden shifts to the State to prove the constitutionality of the plea by producing other contemporaneous records of the guilty plea, including a transcript of the plea colloquy.[3]
At the hearing on the Motion to Quash, the State introduced Exhibit 2, which includes a transcript of the August 1, 2002 guilty plea proceeding to second offense DWI. The transcript discloses that Nelson was represented by counsel during the plea. Also admitted was the well-executed waiver of rights form signed both by Nelson and his attorney. Thus, the State satisfied its initial burden of proof.
At that point, the burden shifted to Nelson to show an infringement of his rights or a procedural irregularity. Nelson did not introduce any evidence but, rather, argued that the guilty plea was constitutionally deficient because the transcript failed to show that he was advised of the sentencing range and the possibility for enhancement. However, those elements are not part of the constitutionally required Boykin rights.[4] Nelson relied on cases that are inapplicable to these proceedings, because they involve the validity of a defendant's waiver of counsel in predicate guilty pleas. Further, the transcript of the predicate plea reflects that Nelson indicated his understanding in open court that enhancement would be a consequence of entering the guilty plea.
Because Nelson failed to meet his burden of proof, the burden did not shift back to the State to prove the constitutionality of the plea. Nonetheless, the transcript produced by the State was "perfect." A "perfect" transcript is one that reflects a voluntary, informed, and express waiver of the constitutional right to trial by jury, the privilege against self-incrimination, and the right to confront his accusers as expressed in Boykin.[5] In addition, the waiver of rights form signed by Nelson and his attorney proved that Nelson was properly advised of, and waived, his constitutional rights. Thus, the trial judge erred in granting the motion to quash.
We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art 920, and find none.
*623 Accordingly, for the reasons set forth herein, we vacate the judgment of the trial court which granted Nelson's motion to quash and remand the matter for further proceedings consistent with the views expressed herein.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556.
[3] See also, State v. Vu, 02-1243 (La.App. 5 Cir. 4/8/03), 846 So.2d 67.
[4] See, State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Nuccio, 454 So.2d 93, 104 (La.1984); State v. Vu, supra; State v. Kelly, 01-321 (La.App. 5 Cir. 10/17/01), 800 So.2d 978, writ denied, XXXX-XXXX (La.11/1/02), 828 So.2d 565.
[5] E.g., State v. Muhammad, 03-419 (La.App. 5 Cir. 6/29/04), 880 So.2d 29, writ refused, 2004-2082 (La.1/7/05), 891 So.2d 669.